McAllister agt. Pond and others.

---

## SUPERIOR COURT.

### McALLISTER agt. POND and others.

In proceedings for the *discovery of books and papers*, (which is a summary, and in some respects an extraordinary remedy,) the court is to be governed by the principles and practice of the (late) court of chancery, in compelling discovery. So say the Revised Statutes, (2 *R. S.* 199, § 31.) In this respect, there is no reason to believe that the legislature intended to introduce any new rule, when the provisions of § 388 of the Code were enacted.

The rules of the court, (8, 9, 10, &c.,) contemplate the setting forth by *petition* of *facts and circumstances*, which show that the discovery is necessary, and that the party applying therefor is entitled to demand it of the adverse party. A mere statement that in the opinion of counsel the discovery sought is necessary, will not suffice. Such a statement is requisite, but it is *cumulative*.

One of the first facts which should appear on an application for a discovery of books and papers, for the purpose of preparing for trial, is, that the applicant has not in his possession the same information, or if he has, that he has not the means of establishing by other available proof the contents of such books or papers.

In this case, it in no wise appeared by the petition that the plaintiff was ignorant of any particular which was necessary to enable him to prepare for trial, or which was contained in the books and papers sought to be produced. There was a failure to show a want of the requisite information to enable the plaintiff to prepare for trial. And it was not stated that the plaintiff had any need or the defendant's books and papers, for the purpose of establishing the particulars of the accounts between the parties; nor that he could not prove without the production sought, every fact which was material to his case.

And besides, it appeared that the books of the defendants, of which discovery was sought, had been freely offered to the plaintiff's attorney for examination and inspection, and he had omitted to avail himself of the opportunity. Motion denied.

*New - York Special Term, March, 1858.*

THE action is brought by the plaintiff as assignee of Samuel J. Clarke, surviving member of the firm of Clarke & Co., to recover an alleged balance of account due by the defendants to that firm.

The plaintiff presented his petition for a discovery, stating that Clarke & Co. were for many years large importers of West India produce, of which large amounts were sold by the defendants as agents of Clarke & Co., in the city of New-York; and that in other transactions Clarke & Co. were jointly interested with the defendants; and that in February, 1848, Clarke & Co. rendered to the defendants an account containing a statement of the balance then due to Clarke & Co.; and in February, 1849, a similar statement; and in 1853, a statement of account, embracing the same transactions, with some additional items, and showing a balance due from the defendants, of two or three thousand dollars.

That the defendants copied said statements into their books, and that Clarke & Co. either kept no copy, or none can now be found. That the partner of Clarke & Co., now surviving, had little or no personal knowledge of the transactions. That the defendants were merchants, keeping the usual books of accounts and files of papers, which are still in their possession. And that the books and papers of which discovery is sought, are not in the possession or control of the plaintiff. That all the books of the defendants contain entries involving the mer-

its of his action, and especially the copies of the said accounts rendered.

That the plaintiff is advised by his counsel that the accounts are material evidence on the trial, and that he cannot safely proceed without a discovery, &c. He therefore prays for such order as the court may think him entitled. The petition also stated the application by the attorney for the plaintiff, to the defendants' attorney, for a production of the books and some correspondence had between them on the subject.

The opposing affidavits relate chiefly to alleged rejected opportunities voluntarily given to the plaintiff to examine the defendants' books, at the office of one of the defendants; the bringing the books there for that purpose, and the neglect of the plaintiff or his counsel to make the examination.

MR. BLISS, *for the plaintiff, in support of the petition.*
EDWIN A. DOOLITTLE, *for the defendants, opposing.*

WOODRUFF, Justice. The Revised Statutes, in providing for the discovery of books and papers, direct that the court shall be governed by the principles and practice of the court of chancery, in compelling discovery. (2 *Rev. Stat.* 199, §§ 31, [22].) In *this respect,* there is no reason to believe that the legislature intended to introduce any new rule, when the provisions of § 388 of the Code were enacted. The discretion by that section confided to the court, or a justice thereof, is not a merely arbitrary discretion to be exercised in favor of the applicant as a matter of course. And the rules of court, (*Rules* 8, 9, 10, &c.,) contemplate the setting forth by petition of *facts and circumstances,* which show that the discovery is necessary, and that the party applying therefor is entitled to demand it of the adverse party. A mere statement that in the opinion of counsel the discovery sought is necessary, will not suffice. Such a statement is requisite, but it is *cumulative;* it is in addition to a statement of the facts and circumstances upon which the discovery is claimed.

One of the first facts which should appear on an application

for a discovery of books or papers, for the purpose of preparing for trial, is, that the applicant has not in his possession the same information, or if he has, that he has not the means of establishing by other available proof the contents of such books or papers.

If he has already in his possession all the details and particulars which would be furnished by the books and papers sought, there can be no necessity for asking their production, for the purpose of information; and if he can establish those details and particulars by other proof, there is no ground for requiring the adverse party to furnish such proof.

In the present case, it in no wise appears by the petition, that the plaintiff is ignorant of any particular which is necessary to enable him to prepare for trial, or which is contained in the books or papers sought to be produced; nor that the books and accounts of Clarke & Co., his assignors, do not contain every item of the accounts between them and the defendants, nor that *those* books and accounts, so far as they relate to the assigned claim, are not within the plaintiff's possession or control. So that there is a failure to show a want of the requisite information to enable the plaintiff to prepare for trial. And it is not stated that the plaintiff has any need of the defendant's books for the purpose of establishing the particulars of the accounts between the parties; nor that he cannot prove without the production sought, every fact which is material to his case. It is true that he states that the defendants' books and accounts are not in his possession nor under his control; but that is far short of showing that he has not all the information which their production would disclose, or the means of proving all the facts material to his case, without them. So it is also true that he states in relation to the accounts current, which the petition states were rendered by Clarke & Co. to the defendants, that no copy was retained, or no complete copy can now be found. But it is not shown how the production of these accounts rendered by the plaintiff's assignors, are necessary. It is not stated that the like accounts are not in the books of Clarke & Co., (not as copies, but as the very materials

McAllister agt. Pond and others.

from which the accounts rendered were made ;) nor that there is any lack of proof of the items which compose such account nor of the fact that the account was rendered, if that fact bɛ material—which, however, is not shown by any papers used on the present motion.

If I were at liberty to act upon anything not stated in the papers, I might suppose in relation to the account rendered, that it may be material to show that fact, in order to establish acquiescence and so prove an account stated between the parties; and if so, then on showing that the plaintiff had no means of establishing the contents of the account so rendered, but by compelling its production or by a discovery of the book in which the defendants have caused it to be transcribed, the plaintiffs may perhaps be entitled to an order for the production of the account, or such book, or both.    But the papers before me do not show such a state of things.

I feel constrained to deny the present motion, because I do not think that the moving papers disclose a case requiring this summary, and in some respects extraordinary remedy.

There would otherwise be strong ground for hesitation, before granting an order for the production of the *books* of the defendants, in the fact that those books have, according to the affidavits, been freely offered to the plaintiff's attorney, for examination and inspection, and he has omitted to avail himseL of the opportunity.    Had he gone to the counting-room or office of the defendant, and examined the books, it would seem upon the affidavits now before me, that he might have inspected and taken copies of everything material to his purpose.

The motion must, for the present, be denied.    The defendants' costs of motion, $10, may abide the event of the suit.    But the plaintiff may have leave to renew the application upon further or other papers, if so advised.