## ISAAC FROMME, APPELLANT, *v.* ABRAHAM LISNER, RESPONDENT.

*Practice — inspection and copy of a paper — requisites of application — Code of Civil Procedure, sec. 803.*

An application was made before answer, by a defendant, for the inspection of a paper material to his defense. The petition was verified by his attorney, and not by the defendant, no reason therefor being assigned except a statement that the defendant did not reside in the attorney's county. The petition did not contain an affidavit of merits.

*Held,* that the application was defective in both of these particulars, and should be denied.

Appeal by the plaintiff Isaac Fromme from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 5th day of January, 1892, granting a motion of the defendant for leave to inspect an agreement referred to in the complaint in the action, and to take a copy of it.

*A. L. Fromme,* for the appellant.

*Horwitz & Herschfield,* for the respondent.

Van Brunt, P. J.:

The complaint alleges, in substance, that, by an instrument in writing, the assignor of the plaintiff was employed to procure a purchaser for certain property, and that therein a certain compensation was promised; that a purchaser was procured and the compensation earned; and that prior to the commencement of the action an assignment of the claim was made, and judgment is prayed for.

The defendant, before answer, made a petition asking for an inspection of the agreement. The petition was sworn to by the attorney, and not by the defendant, and simply alleged that the agreement was not set forth in the complaint; that it related to the merits of the action, and was indispensable to the deponent for the preparation of the answer; that the agreement is in the possession of the plaintiff or his attorney, and the attorney has been requested to allow the deponent to inspect the same, which was refused; that deponent had no copy of said instrument in his possession, and is informed by the defendant that he has no copy thereof, and does not know the terms and conditions thereof, or whether the plaintiff has performed the same as alleged in the complaint.

In the jurat of the petition it is stated that the reason the attorney makes the affidavit is, that defendant does not reside in the city and county of New York, where deponent resides, but that defendant informed deponent that he had no copy of the instrument, and does not know the terms and conditions thereof.

No affidavit of merits accompanies the papers, and upon this petition an order was granted for the inspection, and from such order this appeal is taken.

In the first place there is no sufficient reason why the affidavit was not made by the defendant. The mere fact that the defendant

does not reside in the city and county where the attorney resides is no ground whatever for accepting an affidavit from the attorney. The statement might be entirely true, and the defendant have been in the company of the attorney when he made the affidavit. In applications of this character the person to make the affidavit is the party to the action; and there must be some good ground presented to the court in order that the absence of his oath can be excused. The mere fact that he does not reside in the county where the attorney resides is not sufficient. It would be very convenient for a party, simply because he resides in another county, to get rid of the chances of being indicted for perjury by having his attorney make his affidavit for him upon declarations not made under oath. Something must be shown to demonstrate the impossibility of getting the affidavit of the client, and something more than the mere statements of the client, to justify any of these remedies.

And, furthermore, the papers do not show that there are any merits upon the part of the defendant, nor that he has any defense. The petition was entirely insufficient, and the order should have been denied.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

PATTERSON and O'BRIEN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied.