(89 App. Div. 494.)

SUTTER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    December 30, 1903.)

1. PRACTICE—ORDER FOR SURVEYS—AFFIDAVIT—SUFFICIENCY.

Assuming that Code Civ. Proc. § 1682, providing that the court may grant a party to an action involving real property an order permitting him to go on the other's land to make a survey if expedient to enable such party to plead or prepare for trial, is applicable to an action for trespass committed by the establishment of pumping stations near plaintiff's premises, resulting in draining them of underground water (which it is not), an affidavit of defendant's counsel that from his preparation of the case, and by inquiry with defendant's officers, he is informed and believes that defendant and its officers have no knowledge by actual experience or test of the height of the water level prior to or since the construction of defendant's pumps and wells, is insufficient to obtain an order under the section, as it does not establish that defendant is not possessed in some manner of the facts sought to be obtained.

2. SAME—NECESSITY FOR ORDER—FACTS OTHERWISE ASCERTAINABLE.

Where plaintiff in an action for trespass committed by means of establishing pumping stations and wells near his premises, resulting in draining them of underground water, offered to allow defendant to bore holes upon the land, and take measurements of the water in the holes, and take samples of plaintiff's land, so long as it did not interfere with plaintiff's crops, imposing as conditions that plaintiff be furnished with a typographical map, verified daily record of water pumped for some years past, be permitted to inspect the pumping station, and that defendant cease pumping at the principal station for one week, which offer defendant did not accept, though there was nothing to show that the conditions imposed were unreasonable, it was error to grant defendant an order under Code Civ. Proc. § 1682, permitting it to enter plaintiff's land to make surveys and borings.

Appeal from Special Term, Queens County.

Action by Charles Sutter against the city of New York. From an order requiring plaintiff to permit defendant to enter upon plaintiff's real property to make surveys and carry away portions of the soil, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Chas. Coleman Miller, for appellant.

George E. Blackwell (James McKeen, on the brief), for respondent.

HOOKER, J. This is an appeal from an order requiring the plaintiff. to permit the defendant to enter upon his real property for the purpose of making a survey of the surface, boring beneath the surface to ascertain underground water levels, and permitting it to take and carry away samples of the soil. The action is brought to recover damages alleged to have been suffered by the plaintiff by reason of the defendant's alleged trespass upon the plaintiff's realty, committed by means of the establishment of pumping stations and wells near his premises, whose operations have resulted in draining the plaintiff's property of underground water, thereby reducing the underground water level, and consequently rendering it less productive and less fit for cultivation. The affidavit read·in support of the motion, and upon which the order was granted, was sworn to by an assistant corporation counsel of the defendant, the city of New York, who says that he has charge of the action, and that from his preparation of the case, and by inquiry of and consultation with defendant's officers, he is informed and believes that the defendant and its officers have no knowledge by actual experience or test of the height of the water level prior to or since the construction of defendant's pumps and wells; and plaintiff urges upon this appeal that the affidavit is insufficient. The order appears to have been granted under the provisions of section 1682 of the Code of Civil Procedure, and the remedy under that section appears to be in the nature of discovery or inspection. We think it will be admitted that the rules governing the allowance of other remedies of similar nature, in so far as the character of the affidavit upon which such orders are based is concerned, should be held applicable here. We do not think the section of the Code is applicable at all to this case, but, assuming that it is applicable, the rule has long been to the effect that a party who seeks the benefit of the remedy of discovery or inspection must show positively that he has no knowledge of the facts proposed to be discovered, and has not copies of papers proposed to be inspected. The rule stands on reason, for it is considered idle and unfair to require a party to submit to what is in the nature of an incursion into the fundamental right of private security, unless the privilege will result in substantial advantage to the moving party. McAllister v. Pond, 15 How. Prac. 299; Fromme v. Lisner, 63 Hun, 290, 17 N. Y. Supp. 850; Goodyear's Rubber Glove Co. v. Gorham, 83 Hun, 342, 31 N. Y. Supp. 965; Matter of Bronson, 78 Hun, 351, 29 N. Y. Supp. 112. We think that the affidavit relied upon to support the order in this case is insufficient as matter of law to establish the fact that the city, through its proper officers, agents, or, servants, is not possessed in some manner of the facts which it seems to be the purpose of the survey and boring to disclose.

We believe there is an additional reason why this order should have been denied. It is equally clear that where it is within the easy reach of a party, who seeks discovery or inspection, to procure knowledge of the facts with which he wishes to acquaint himself. especially when that access is offered by the adverse party whose rights of personal security are to be abridged if the order is made, he should exhaust all reasonable efforts to obtain such knowledge before resorting to

the remedy under the Code. It appears in this case that the attorney for the plaintiff, long prior to the application, offered to allow the defendant to bore holes upon plaintiff's land, so long as they did not interfere with his crops or business, and so long as they should be properly protected by the defendant, and to permit it to take measurements of the water in such holes once a day during a prescribed test, and to allow defendant to take samples of the soil from plaintiff's land, imposing, however, the condition for this permission that the plaintiff be furnished with a typographical map, which it seems the defendant was about to make in any event; a verified record of the quantity of water pumped for a number of years past on each day, and the number of days the pumping station was working; to permit the plaintiff to go upon the lands of the defendant during the test, and inspect the operations of the driven wells and pumping station; and on the further condition that the defendant cease the operation of one of its Spring Creek pumping stations for the period of one week, it being understood from the papers that the Spring Creek pumping station was the one which was claimed to interfere principally with the water levels and conditions of the plaintiff's property. It is not established in the record that these stipulations or requirements of the plaintiff before permitting the defendant to make its borings and take its measurements and samples were unreasonable, and no word appears attacking the good faith of such requirements and stipulations, or suggesting that such a method of procedure would not clearly establish once and for all questions of fact, whose determination without some such procedure have been upon former trials between other plaintiffs and this defendant, and must continue to be, involved in grave doubt and uncertainty. Until it appears impracticable or unreasonable to require the defendant to comply with the terms of such a stipulation on its part to be performed, it was not entitled to the order it sought.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.