JOSEPH BREYER, Respondent, *v.* SELENA L. BLOCH and Others, as Executors, etc., of BERT K. BLOCH, Deceased, Appellants.

First Department, May 4, 1923.

**Discovery and inspection — order for inspection of books cannot be granted on affidavit of attorney only in absence of showing that client could not make affidavit — mere statement in attorney's affidavit that client was not in county and that source of information is statement made to deponent by client is insufficient.**

An affidavit by the attorney for plaintiff is not sufficient basis for the granting of an order for the discovery and inspection of books, papers, etc., in the absence of any proof that the plaintiff was not within reach or would not be able himself to make the affidavit within a reasonable time, and an order for discovery and inspection should not be made upon the affidavit by the plaintiff's attorney only, in which the only reason stated why the affidavit was not made by the plaintiff is that he was outside of the county and that the source of the information and belief of the attorney is statements made by the plaintiff, especially where the attorney does not swear as to what statements were made to him by the plaintiff.

APPEAL by the defendants, Selena L. Bloch and others, from an order of the Supreme Court, made at the New York Special Term, dated the 21st day of February, 1923, and entered in the

office of the clerk of the county of New York, granting plaintiff's motion for a discovery and inspection of the books, papers, etc., of the defendants' testator, and appointing a referee to superintend the inspection.

*S. John Block*, for the appellants.

*Benjamin Marcus*, for the respondent.

SMITH, J.:

The plaintiff was a salesman for the testator prior to his death, under the agreement that he was to be paid certain commissions upon the gross sales made by the testator. The plaintiff had examined the defendants before trial, who had sworn that they had no personal knowledge of any of the matters involved or of the contents of the books. Those books then could have been produced and an examination made thereof, but no such attempt was made. Having failed to obtain this information from the executors themselves, this plaintiff now asks for an inspection of the books that he may obtain information as to the gross sales during the term of his employment. The order appealed from granted plaintiff's motion.

The defendants here urge that this order was erroneously granted upon the affidavit of the attorney for the plaintiff. The only reason stated why the affidavit was not made by the plaintiff himself is that " the plaintiff is now outside of the county as a traveling salesman and the source of the information and belief of your deponent are statements made by the plaintiff." There is no affidavit that the plaintiff was not within reach or would not be able himself to make the affidavit within a reasonable time. The practice has been that the affidavit of the attorney upon these applications could not be made the basis of such an application as this, unless the necessity appeared therefor by reason of some absence of the plaintiff so that his affidavit was not available for that purpose. This rule is stated in *Fromme* v. *Lisner* (63 Hun, 290). In that case in the jurat of the petition it was stated that the reason the attorney made the affidavit was that the defendant did not reside in the city and county of New York where deponent resided, and that the defendant informed deponent that he had no copy of the instrument and did not know the terms and conditions thereof. It was there held that this was not a sufficient reason why the affidavit should not have been made by the defendant. The court said: " The mere fact that the defendant does not reside in the city and county where the attorney resides is no ground whatever for accepting an affidavit from the attorney. The statement might be entirely true, and the defendant have been

in the company of the attorney when he made the affidavit. In applications of this character the person to make the affidavit is the party to the action; and there must be some good ground presented to the court in order that the absence of his oath can be excused. The mere fact that he does not reside in the county where the attorney resides is not sufficient. It would be very convenient for a party, simply because he resides in another county, to get rid of the chances of being indicted for perjury by having his attorney make his affidavit for him upon declarations not made under oath. Something must be shown to demonstrate the impossibility of getting the affidavit of the client, and something more than the mere statements of the client, to justify any of these remedies."

This case is not precisely parallel, but shows the importance attached by the court to the oath of the party himself.

There is nothing shown in the affidavit in this case as to what statements were made by the plaintiff, or that such statements as were made would be sufficient to justify the granting of this application upon his affidavit.

For this reason the order granting inspection should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., PAGE, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.