William G. Easton, J.
This is a motion brought on by a show cause order to vacate an order of arrest on the ground that the plaintiff’s moving affidavit upon which the order of arrest dated July 9, 1962 was made, failed to state facts sufficient to justify the arrest of the defendant.
In the first place, the order of July 9, 1962 signed by Justice of the Supreme Court Jacob Abk was not an order of arrest but was actually an execution against the person of the defendant commonly referred to as a “ body execution ”. The proper section of the Civil Practice Act applicable to an execution against the person is section 764 et seq. and not section 826 et seq. However, the motion brought on by the show cause order was obviously meant to apply to the so-called body execution since *467 both, sides treated it as such in their papers submitted and in their oral argument. Section 764 of the Civil Practice Act reads as follows: “ § 764. Issuance of execution against the person generally. Subject to the exception specified in the next section, an execution against the person of a judgment debtor may be issued by the court or a judge or justice thereof, upon application by the judgment creditor, in a case where the judgment can be enforced by execution, as prescribed by section five hundred and four of this act, and where the plaintiff’s right to arrest the defendant depends upon the nature of the action. The issuance of the execution shall rest in the discretion of such court, judge or justice. The application for the issuance of the execution may be made without notice, or with such notice as the court, judge or justice may direct, and shall be made by affidavit which shall set forth in detail the right of the party to the execution, the amount of the judgment, the amount unpaid, and the time when and the place where the execution against the judgment debtor’s personal property has been returned wholly or partially unsatisfied.” (Italics supplied.)
The judgment had against the defendant was in part based on conversion and the Honorable John- C. Wheeler, Official Referee, in his formal conclusions of law, said as follows: ‘ ‘ Adjudged that the plaintiff is entitled to a body execution upon proper application therefor ”. While it has long been the law that a body execution may issue against the person of the judgment debtor under these circumstances after an execution against his property has been returned unsatisfied, yet, the issuance of such a body execution rests in the discretion of the court and must be based ‘ ‘ upon application by the judgment creditor ’ ’. (See Civ. Prac. Act, § 764.)
The plaintiff is an Illinois corporation and the affidavit upon which the body execution was granted was made by the plaintiff’s attorney without any explanation of any kind for the plaintiff itself not making the affidavit. Under the circumstances this is not a proper application and Justice Ark was justified in the issuance of this show cause order in countermanding the body execution previously issued. The authorities are numerous in holding that where a statute provides for an application by a party, an attorney’s affidavit is not sufficient unless satisfactory explanation is given for such procedure. (Breyer v. Bloch, 205 App. Div. 255 [1923]; Fitzgerald Bros. Constr. Co. v. State of New York, 188 Misc. 940 [1947].)
Because of the drastic remedy to be invoked here in a civil action upon which an appeal to the Appellate Division is pending, *468 it is the opinion of this court that strict adherence should be had to the statutory provisions prescribed for such procedure before a court could consider the issuance of a body execution which is always subject to the court’s discretion. The motion is granted.