PARKES v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. PLEADING—AMENDMENT—AFFIDAVIT.
  Where the only affidavit made on motion to amend was that of plaintiff's attorney, who had recently been substituted for the original attorney, and there was no affidavit of plaintiff, and nothing to show what the knowledge of the plaintiff was in regard to the nature of his claim, an amendment was improperly allowed.

2. SAME—NEW CAUSE OF ACTION.
  Where the original complaint sets up a claim for services as carpenter at a salary of $900 a year, and that, in addition, plaintiff acted as keeper of a prison, an amendment of the complaint, alleging work as carpenter for 114 hours per week, and claiming a certain rate per day for each legal day of 8 hours, with double pay for overtime and work on holidays, is improperly allowed, as setting up a cause of action totally at variance with that set forth in the original complaint.

Appeal from special term, New York county.

Action by Edward L. Parkes against the mayor, aldermen, and commonalty of the city of New York. From an order granting plaintiff's motion for leave to serve an amended complaint, defendant appeals. Reversed.

The original complaint alleged an appointment as carpenter at Blackwell's Island, at $900 per year, and that, in addition to such duties, plaintiff acted as

keeper of the prison for 152 weeks, and that his services were worth $25 a week; that he was employed by the year, and unlawfully discharged. Some three years thereafter plaintiff moved to amend the complaint, alleging that he worked as a carpenter during such time, and performed services at the rate of 114 hours during each week, and claimed double pay for all services performed in excess of 8 hours and on Sundays and holidays; and also alleged that he had worked 28 hours each week overtime and 38½ hours each week nighttime, for all of which extra time and overwork he was entitled to double pay, according to the custom known to all employers of carpenters. The affidavit filed with the motion for the amendment was made by an attorney of plaintiff, who had been substituted for the original attorney, and alleged that the former attorney had misconceived the former action. No affidavit was filed by the plaintiff in the case.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

T. Connoly, for appellant.

C. C. Alden, for respondent.

VAN BRUNT, P. J. It is manifest that the court erred in granting this motion. The only affidavit was made by the plaintiff's attorney, who has recently come into the case; and there is nothing to show what the knowledge of the plaintiff was in regard to the nature of his claim, or that he was not fully apprised of all his rights. It is a well-settled rule in applications of this description that the court must be informed as to the circumstances surrounding the plaintiff by his own affidavit. Even if this objection to the granting of the motion did not exist, it would seem that an amendment of the kind attempted to be introduced in this case should not be permitted. The claim is not only extraordinary in its nature, but has no connection whatever with the cause of action set out in the complaint, and is totally at variance therewith. The plaintiff should be required to commence a new action if he desires to attempt the enforcement of a claim of the character set forth in the moving papers.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.