(30 Misc. Rep. 317.)

### ABORN v. WAITE.

(Supreme Court, Special Term, New York County. January, 1900.)

1. PLEADING—ANSWER—AMENDMENT.
　　Where defendant's application to amend for the fifth time his answer in an action on a contract showed that the proposed answer denied the contract as set forth in the complaint after it had been four times admitted by defendant, and did not allege what the contract actually was, nor attempt to show the facts and circumstances of the proposed defense, nor disclose why it was not set up before, the application will be denied.

2. SAME.

Where an application to amend an answer is supported by an affidavit of defendant's attorney only, a bare statement by the attorney that the defendant is outside the state, without showing where he actually is, is an insufficient excuse for not presenting an affidavit signed by defendant.

Action by Milton Aborn against James R. Waite. On motion for leave to amend the answer. Denied.

Bodine & Sampson, for the motion.
Fromme Brothers, opposed.

BEEKMAN, J. The history of this action is somewhat extraordinary. Issue was joined on July 12, 1897, by the service of an answer. On October 6th of that year an amended answer was served. On January 31, 1898, the answer was again amended, and on April 22, 1898, and on June 25, 1898, the answer was amended for the third and fourth times. The cause finally came on for trial before a jury on November 27, 1899, when the defendant was permitted to withdraw a juror on terms in order to apply to the special term for leave again, and for the fifth time to amend his plea. This motion has accordingly been made for that purpose. It is founded upon the proposed amended answer, verified by one of the defendant's attorneys, and upon an affidavit of the same attorney, in which, after stating what took place upon the trial, and the permission granted to withdraw a juror upon certain terms, and his compliance with such terms, he swears to the usual affidavit of merits, and that under the last amended answer the defendant was unable to introduce any evidence as to his main defense in the action. What that defense really is he does not disclose. The action is brought to recover upon a contract for services. The defense heretofore has been that the plaintiff was discharged because of incompetency and misconduct in the course of the performance of his duties. It was the inability of the defendant to establish these charges that terminated the trial, and led him to make this motion. The new defense, it may be inferred from the opposing papers read on this motion, is founded upon the contention that the plaintiff was rightfully discharged under a clause of the contract which provides that, should the business prove to be bad, and the enterprise a losing investment, the plaintiff would accept four weeks' notice of termination of the contract, and that it was terminated accordingly. The allegation of the proposed answer is "that the plaintiff herein was rightfully and legally discharged from his employ on or about the 12th day of February, 1897, and was so discharged under and in accordance with the terms of such contract or agreement as had been entered into by and between this plaintiff and defendant, and as herein provided, and under and in accordance with the terms of such contract or agreement as was in force between the parties hereto at the time of such discharge." In this connection it is well to call attention to the fact that a copy of the contract is annexed to the complaint, and that in all of the answers heretofore served the defendant has formally admitted that the whole of the contract between himself and the plaintiff was cor-

rectly set forth in said copy. In the proposed answer the defendant denies each and every allegation set forth in the complaint, thus including a denial of the contract which he has already five times admitted in his various pleadings. It will be noticed from the quotation which I have given from the proposed answer that he does not set forth what the contract was, but refers to "such contract or agreement as had been entered into by and between this plaintiff and defendant," and in force between the parties at the time of the discharge of the plaintiff. As we have seen, the affidavit upon which the motion is made is silent regarding any of the matters embraced within the proposed pleading. It does not state that the contract was not such as is set forth in the complaint, and which the defendant had admitted, nor is any effort made to show what the contract actually was, nor is there the slightest proof attempted to be given of the facts and circumstances constituting the proposed defense, or why it was not set up before. If it is well founded, the defendant must have known of it at the time when the action was brought against him; and it certainly reflects in no ordinary degree upon his good faith that, after four times amending his answer, he should now, apparently for the first time, have discovered that he had another defense to the action than that which he had persisted in down to the trial of the cause. A general survey of the proposed answer shows that it is indefinite and uncertain to the last degree, and the irresistible inference from its condition is that the defendant expects to use it for the purpose of enabling him on the trial to defeat the plaintiff's claim on any ground on which he might have been lawfully discharged, either under provisions terminating the contract or because of a breach of any of its terms by the plaintiff of which he may find himself able on the trial to produce evidence. It is manifest that upon such an application as this proof should have been submitted to the court fully stating what the terms of the contract were, the precise breach of which the plaintiff is alleged to have been guilty; or, if the defendant claims to have terminated the contract pursuant to authority in that behalf contained therein, he should have plainly stated the fact, and also what he did in that regard. Above all, it was incumbent upon him to show his own good faith in the matter, and to give some explanation tending to excuse his gross laches. A statement of the reasons why the proposed defense was not interposed before, and why, after admitting the contract in his previous pleadings, he now seeks to deny it, was imperative. But there is another objection to the motion, and that is that the affidavit upon which it is founded was not made by the defendant. The attorney swears that the reason why no such affidavit was presented is that the defendant "is at present without the state of New York, and without the county of New York, which is the county where defendant's attorneys reside." It has been repeatedly held that statements of this kind are not sufficient to excuse a failure to present the affidavit of the party. The place where he is sojourning should be stated, so that the court may be able to determine whether the excuse is sufficient. He might be in any adjoining state,

63 N.Y.S.—26

within easy reach of the city, so that his affidavit could be promptly secured. Where that is the case, the excuse is not sufficient. Fromme v. Lisner, 63 Hun, 290, 17 N. Y. Supp. 850. In the case cited, it is true, it did not appear that the party was without the state, but this is an immaterial distinction, the only question being whether he is reasonably accessible. As was said in the above case by Presiding Justice Van Brunt (page 292, 63 Hun, and page 851, 17 N. Y. Supp.): "Something must be shown to demonstrate the impossibility of getting the affidavit of the client." For the reasons which I have given it is plain that the motion must be denied, with $10 costs. I have considered the question whether I should grant leave to renew the motion upon additional papers, but I am satisfied that, in view of the facts disclosed here, it would be an abuse of discretion to do so.

Motion denied, with $10 costs.