(97 App. Div. 500.)

### FOX. v. PEACOCK et al.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. FOREIGN WITNESSES—COMMISSION TO TAKE TESTIMONY—AFFIDAVIT.

An affidavit for commision to take testimony of witnesses not in the state, the statements of which as to their residence and absence from the state are on information and belief, is insufficient.

2. SAME—AFFIDAVIT BY ATTORNEY.

An affidavit for commission to take testimony of witnesses out of the state, made by defendants' attorney, is insufficient in giving no reason why it is not made by a party; it merely stating that defendants are nonresidents, but not stating that they are not within the state

Appeal from Special Term, New York County.

Action by Henry C. Fox against G. H. Peacock and others. From an order granting leave to defendants to issue a commission to examine foreign witnesses, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry Wetherhorn, for appellant.
Rodolphe Claughton, for respondents

VAN BRUNT, P. J. The papers upon which this order was granted seem to be fatally defective in almost every particular. The provision of the Code of Civil Procedure is that where issue has been joined in an action, a commission may issue to take the testimony of material witnesses not within the state, and the facts authorizing the issuance of a commission must be made to appear to the court by affidavit.

In the case at bar the affidavit upon which the order for a commission was granted was made solely upon information and belief as to the residence of the witnesses, and that they were not within the state. No sources of information nor grounds for belief are furnished, nor was any reason given for not obtaining the affidavit of some person who knew something about the matter. It has too long been the rule to need the citation of authority that such averments in an affidavit have not probative force. The court has a right to know whether the affiant had any reason to believe that which he alleges in his affidavit. It is not sufficient that the affiant thinks he has grounds to believe, for when he discloses the sources of his belief, the court may be of the opinion that he has been too credulous, and should not have believed that the facts necessary to the granting of the order existed.

There is another fatal defect in the papers upon which this order was granted. The moving affidavit was made by the attorney, and

no reason is given why it was not made by the party. The party certainly knows more as to the facts necessary to be established to entitle him to a commission than his attorney. It may be said that the attorney swears that the defendants are nonresidents of the state. This is true, but he does not state that the parties are not then within the state. His affidavit would be perfectly true if his clients were standing at his elbow at the time he was making that affidavit.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to renew upon proper papers upon payment of these costs. All concur.