JACOBS et al. v. MEXICAN SUGAR REFINING CO., Limited, et al

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

1. PLEADING—AMENDMENT—WHEN AUTHORIZED.

A party will not ordinarily be permitted to amend his answer for the purpose of setting forth facts of which he had knowledge at the time of the interposing of the original pleading, in the absence of facts satisfactorily excusing the failure in not setting forth the material facts in the original pleading.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 784.]

2. SAME.

In an action by stockholders of a company to declare void an agreement canceling a lease from another company, the lessor company asserted in its original answer that the lease was canceled for nonpayment of rent. About 18 months thereafter it sought to amend by averring that it repudiated the lease on the ground of fraud in the making thereof. Its officers had knowledge, at the time of interposing the original answer, of the facts sought to be set up in the amendment. The excuse for failing to set up the facts in the original answer was that the officers did not, prior to the service of the original answer, realize their importance, and did not, until a few months before applying for leave to amend, communicate them to the counsel of the company, who was ignorant thereof. *Held*, that the court improperly allowed the amendment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 784.]

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Solomon R. Jacobs and another against the Mexican Sugar Refining Company, Limited, and another. From an order allowing defendant the Mexican Sugar Refining Company to amend its answer, plaintiffs appeal. Reversed, and motion denied.

See 98 N. Y. Supp. 542.

Argued before INGRAHAM, SCOTT, CLARKE, HOUGHTON, and McLAUGHLIN, JJ.

Nathan Bijur (G. H. Englehardt, of counsel), for appellants.
William P. S. Melvin, for respondents.

CLARKE, J. The complaint herein was sworn to on the 14th day of July, 1904, and was reviewed upon demurrer by this court in 104 App. Div. 242, 93 N. Y. Supp. 776. The principal allegations of the complaint are that the American Sugar Refining Company, Limited, a Louisiana corporation, in February, 1902, made a lease of the sugar plantation in Mexico owned by it to Meyer & Lees, who represented a syndicate composed of Henry J. Braker, James B. Craven, Arthur E. Dowler, and the plaintiffs, Solomon R. Jacobs and Arthur Jacobs. The lease was soon thereafter assigned by Meyer & Lees, at the instance of the said syndicate, to the Mexican Sugar Company, a New Jersey corporation which had been formed for the purpose of acquiring the lessees' interest in said lease; the syndicate taking the stock of that corporation in return. The sugar company thereupon took possession of the leased property and developed it, expending upwards of $100,000 upon the development of and permanent improvements upon the property. In May, 1904, the refining company canceled the lease for an al-

leged nonpayment of rent on the part of the sugar company. The plaintiffs, as stockholders of the sugar company, and on its behalf, then brought this action in June, 1904, to set aside the said cancellation of the lease, on the ground, in substance, that Braker and Craven controlled both companies and had fraudulently used their control to bring about the cancellation of the lease for the benefit of the refining company, in which they had a larger interest. On June 21, 1905, the answer of the defendant Mexican Sugar Refining Company was served. The case was noticed for trial for the October term, 1905. Thereafter, on January 4, 1906, the refining company moved for leave to amend its answer by setting up the separate affirmative defense of its repudiation of the lease, on the ground of constructive fraud in the making thereof, based upon these facts: (1) That Meyer & Lees, the nominal lessees, represented a syndicate consisting of Arthur Jacobs, James B. Craven, Arthur E. Dowler, Solomon R. Jacobs, and Henry E. Braker; (2) that certain of these persons, namely, Arthur Jacobs, Craven, and Dowler were at the same time directors of the refining company and participants as such in the making of the lease; (3) that the defendants, on account of said facts, repudiate the lease. The defendants' excuse for its failure to set up in the original answer the defense now sought to be introduced is that, while its officers now making the moving affidavits had been aware of the facts constituting such defense ever since the commencement of the action, they did not, prior to the service of that answer, realize their importance and did not until September, 1905, communicate them to defendants' counsel, who theretofore had been ignorant of the same.

Notwithstanding recent decisions by which this court has indicated a policy of liberality in the allowance of amendments to pleadings, in order that litigants may shape their issues as may seem best to them, yet it seems to me that the order in this case should not have been made. The defense proposed to be inserted in the answer some 18 months after the commencement of the action seeks to defeat the action by the present repudiation of a lease, upon the ground that it was fraudulent in fact at the time it was made, because of the participation in the making of the lease by directors interested in the result. But, in the original answer, it asserts that it did "in earnestness cancel said lease because of default of the sugar company in paying the rent then due and payable to this company," which was an acknowledgment of the original validity of the lease. It appears affirmatively that the officers of the company controlling it and making the affidavits upon which this motion was based were possessed of all the knowledge to enable them to set up the defense now sought to be interposed, not only when the original answer was served, but when the action was commenced, as they expressly so admit. It may be a question whether the proposed amendment sets up a good defense, for it would seem that equity requires prompt action in repudiating a contract for actual or constructive fraud when the facts are discovered, and also a restoration of the consideration received or an offer so to restore, to sustain rescission.

But upon such motions it is not the practice to search the proposed pleading as upon a demurrer. I understand, however, it to be well established that ordinarily a party will not be permitted to amend a pleading for the purpose of setting forth facts of which he had full knowledge at the time of the interposing of the original pleading, and that facts satisfactorily excusing the failure or negligence in not setting forth all the material facts in the original pleading must be shown. Mutual Loan Ass'n v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112; Pratt v. Tailer, 99 App. Div. 236, 90 N. Y. Supp. 1023. The defendant did have full knowledge, at the time of interposing the original pleading, of the facts now desired to be set up, and has not satisfactorily excused its failure or negligence in then setting them up.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

HOUGHTON and SCOTT, JJ., concur. INGRAHAM and McLAUGHLIN, JJ., dissent.