> A party applying for leave to amend should show his reasons therefor in his own affidavit. unless the facts upon which the application is based are peculiarly within the knowledge of another whose application is presented, or where it is shown to be impracticable to obtain the moving party's affidavit, and where no affidavit by plaintiff accompanied his application to amend the complaint, and the only reason stated in the affidavit by his attorneys why the application should be granted was that it was made with the permission and at the suggestion of the trial court, the application should be denied;   the affidavit being insufficient.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 620–625;   Dec. Dig. § 238.*]

Appeal from Special Term, Niagara County.

Action by Nicholas Quarantiello against the Grand Trunk Railway Company of Canada and another.   From an order permitting plaintiff to serve an amended complaint, defendants appeal.   Reversed, and motion denied, without prejudice.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Moot, Sprague, Brownell & Marcy (John W. Ryan, of counsel), for appellants.

T. F. C. Clary, for respondent.

ROBSON, J.   Plaintiff began this action in February, 1907.   In the original complaint he alleged injuries due to defendants' negligence,

occurring February 22, 1904, while he was proceeding easterly along the southerly side of Niagara avenue in the city of Niagara Falls. He has served an amended complaint, again stating the time when, and place where, he was injured as alleged in his original complaint. Defendants answered separately denying the allegations of the complaint, except the formal statements as to their incorporation and business. The case was moved for trial at the Niagara trial term of the Supreme Court commencing October 3, 1910, at which time defendants stated that they were ready for trial provided plaintiff would stand upon his pleading as to the date of the occurrence of his injuries. Plaintiff was apparently unwilling to do this, and the trial court allowed the case to go over the term thus, as the court stated, giving the parties "ample time to apply to the Special Term for leave to amend their pleadings." Plaintiff thereafter applied to the Special Term for leave to serve an amended complaint, basing the application upon the affidavit of his attorney and his proposed amended complaint. The proposed amended complaint not only alleges a different date on which it is claimed his injuries occurred, but also states the place of the occurrence as at the intersection with defendants' tracks of an entirely different street from that stated in the original, and the first amended, complaint.

[1] That the power of the court to grant permission to amend pleadings on proper application for such leave should be freely exercised in furtherance of justice is undoubted. Washington Life Insurance Co. v. Scott, 119 App. Div. 847, 104 N. Y. Supp. 898. But it is equally clear that such relief should be granted only when some reason for granting the application is made to appear, or some measure of excuse for failure to put the pleading in proper form within the time prescribed by the statute for that purpose is given. Mutual Loan Association v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112; Pratt, Hurst Co. v. Tailer, 99 App. Div. 236, 90 N. Y. Supp. 1023; Jacobs v. Mexican Sugar Refining Co., 115 App. Div. 499, 101 N. Y. Supp. 320.

[2] It also seems to be definitely settled that when a party asks such a favor he should present his reasons therefor in his own affidavit, unless it is made to appear that the facts upon which the application is based are peculiarly within the knowledge of some other person whose affidavit is presented. Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106; Mutual Loan Association v. Lesser, supra; Parkes v. Mayor, etc., of City of New York, 43 App. Div. 617, 59 N. Y. Supp. 286.

Another exception to the rule may be recognized in case the moving papers clearly show that it is impossible, or at least impracticable, to obtain the plaintiff's affidavit. Aborn v. Waite, 30 Misc. Rep. 317, 63 N. Y. Supp. 399.

No reason why the affidavit of the plaintiff was not presented appears. Indeed, the only reason given in the attorney's affidavit why the application to amend should be granted is the statement that it is made by permission of and at the suggestion of the trial court. As was said in Jenkins v. Warren, 25 App. Div. 569, 50 N. Y. Supp. 957:

"Unless such orders are to be granted as matter of course, it is clear that the affidavit in question was entirely insufficient."

The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs; but reversal of the order is without prejudice to another application by plaintiff upon proper papers for. leave to amend complaint, if so advised. All concur.