THE KURSHEEDT MANUFACTURING COMPANY, Appellant, *v.* ISIDOR ROSENZWEIG and SIDNEY ROSENZWEIG, Respondents.

First Department, November 7, 1919.

Pleading — amendment — necessity that application to amend be made in good faith — affidavit of merits on motion to amend answer — facts showing lack of good faith.

The general rule, that the court will permit a party to put his pleading in such shape as will enable him to raise and have determined at the trial any question affecting his interest, is qualified by the requirement

that the application for an order permitting an amendment be made in good faith, and that injustice will not be done to the adverse party.

The papers on a motion made by defendants for permission to amend their answer must show merits and the good faith of the defense as required by rule 23 of the General Rules of Practice; the requirement of this rule is not met by the old form of an affidavit of merits.

History of the case examined, and *held*, that the conduct of the attorney for the defendants in his repeated failure to observe the orders of the court and in reincorporating in an amended answer the defense to which a demurrer had been sustained, showed that he was not proceeding in good faith in applying for permission to amend his answer further, but that he was abusing the leniency of the court for the purpose of delaying a cause to which he had no defense.

Appeal by the plaintiff, The Kursheedt Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of August, 1919, permitting the defendants to serve an amended answer.

*Francis Woodbridge* of counsel [*Nathaniel A. Elsberg*, attorney], for the appellant.

*Louis B. Brodsky*, for the respondents.

Page, J.:

The action is for damages for breach of a contract to purchase goods. The contract consists of two papers, annexed to the complaint as Exhibits A and B, being a broker's sales note and an amendment thereto. There was a delay in delivery of a portion of the goods and defendants refused to accept the same. Plaintiff alleges that the delay was due solely to conditions beyond the control of the manufacturers or of the plaintiff and was caused by abnormal war conditions. The contract provided: " The Seller shall not be held responsible for delays of delivery due to * * * conditions beyond the mill's control, caused by abnormal war conditions."

The answer of the defendants admits the making of the contract consisting of the two pieces of paper, and contains certain admissions and denials which taken together present the issue of whether the delay was occasioned by a cause covered by the contract. Upon receipt of this answer plaintiff noticed the case for trial. Within twenty days of the

service of the answer defendants served an amended answer as of right, which was the same as the original answer except it alleged as a separate defense a general trade custom that in a contract for the delivery of print cloth in installments within a specified time a failure of a seller to deliver a complete installment as provided in the contract relieves the purchaser from accepting any further deliveries under the contract and that time is of the essence of said contract. The separate defense repeated the preceding allegations which contained denials, and reiterated expressly the admissions contained therein. Plaintiff moved to strike out the repeated denials, in order that it might demur to the defense. This motion was granted and defendants served an amended answer eliminating these repeated denials and admissions, and also changed the allegations of the defense. Instead of "a general custom and usage in the print cloth business," it alleged "a uniform and well-settled custom and usage in the business of print cloth hereinafter and in the complaint referred to," and changed the allegation that "time is of the essence of such contracts" to "and that such specified time of delivery is of the essence of such contracts," and adding to the "XII" allegation: "As in said contract provided, but delivered 704 pieces, a quantity substantially smaller than provided for in the said contract, which violation materially affected the performance of the said contract."

This answer was returned by the plaintiff's attorney upon the grounds that the same was not in conformity with the order; that the defendants having once amended of course, had no right to further amend their answer except as authorized by the order, and changes not authorized by the order could not be made. The defendants moved that the plaintiff be directed to accept the amended answer. The court held that the amended answer did not conform to the order but granted the motion to the extent of allowing them to serve their answer in accordance with the order, and stating that if the defendants desire to serve a second amended answer they may make such application upon a separate motion.

The defendant then served an amended answer which conformed with the order of February 17, 1919, except that while the order struck out the denials, it left in: "The defendants

reiterate and repeat the admissions contained in this amended answer." Thereupon, the plaintiff's attorney returned that answer as not conforming to the orders of February 17 and March 4, 1919. The defendants then served an answer that conformed to said orders, whereupon the plaintiff demurred to the defense and brought the demurrer on for hearing as a contested motion. The demurrer was sustained with leave to plead over. While this motion was pending the defendant moved to be allowed to serve an amended answer, a copy of which was annexed. This motion was denied upon the ground that the question of leave to amend should be left to the justice before whom the hearing on the demurrer was pending. Pursuant to the leave to amend given on the decision of the demurrer, the defendants served the answer that they had theretofore moved to be allowed to serve and which had been denied. In this answer, many of the allegations, admissions and denials of the former answers were materially changed. The defense to which the demurrer had been sustained was reincorporated with some further allegations which did not have any bearing on the original defense but were either amplification of the denials or appropriate to a distinct defense. This answer was returned. Defendants then moved that the plaintiff be directed to accept the amended answer or that leave be granted to further amend their answer in conformity to the proposed answer, a copy of which was annexed to the motion papers. This motion was granted to the extent of allowing the defendants to serve the proposed amended answer upon the payment of ten dollars costs.

This motion should not have been granted. As a general rule the court will permit a party to put his pleading in such shape as will enable him to raise and have determined at the trial any question affecting his interest. This rule is qualified by the requirement that the application to be allowed to amend is made in good faith, and that injustice will not be done to the adverse party. (*Muller* v. *City of Philadelphia*, 113 App. Div. 92, 96.) The motion papers did not show merits and the good faith of the defense as required by rule 23 of the General Rules of Practice. It has been repeatedly pointed out that the requirement of this rule is not met by the old form of an affidavit of merits. The

conduct of the attorney for the defendants in his repeated failure to observe the orders of the court and in reincorporating in an amended answer the defense to which a demurrer had been sustained leads to the conclusion, unless substantial proof to the contrary should be adduced, that he is not proceeding in good faith but that he is abusing the leniency of the court for the purpose of delaying a cause to which he has no defense. The complaint was served November 23, 1918. By reason of the dilatory tactics of the defendants, the plaintiff had been prevented for nearly a year from having the issues made so that a notice of trial could be served. If leave to further amend should hereafter be granted, it should be on substantial proof of the merits and good faith of the defense and upon payment of costs to date.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.