ELIZABETH A. REILLY, Respondent, v. WATERSON, BERLIN & SNYDER COMPANY, Appellant.

First Department, December 17, 1920.

**Pleadings — leave to serve amended answer containing affirmative defense and offset.**

A defendant should be allowed to serve an amended answer alleging, as an affirmative defense and offset to the plaintiff's claim, that the plaintiff violated one of the provisions of the contract upon which his action is based, even though technically said defense and offset may be litigated under a general denial.

Considerable latitude is allowed parties to enable them to raise and have adjudicated every question affecting their interests and the subject-matter of their litigation.

APPEAL by the defendant, Waterson, Berlin & Snyder Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of October, 1920, denying defendant's motion for leave to serve an amended answer, setting up an affirmative defense and an offset to plaintiff's claim.

*Charles H. Tuttle* of counsel [*Carl E. Peterson* with him on the brief], *Thomas F. McMahon*, attorney, for the appellant.

*Arthur F. Driscoll* of counsel [*Winfield Bonynge* with him on the brief], *O'Brien, Malevinsky & Driscoll*, attorneys, for the respondent.

GREENBAUM, J.:

The learned Special Term denied the motion with a memorandum as follows: " I think it is very plain that the defendant is protected by the denials." The proposed amended answer affirmatively alleges that the plaintiff had violated one of the provisions of the contract upon which plaintiff's action is based and also asks for damages by way of offset in the sum of $3,000 resulting from the breach on the part of the plaintiff's assignor of one of the conditions of the contract. It is not necessary for the court to determine upon this motion whether

technically the defense may be litigated under a general denial, since considerable latitude is allowed parties to enable them to raise and have adjudicated every question affecting their interests and the subject-matter of the litigation. (*Muller* v. *City of Philadelphia,* 113 App. Div. 92; *Herbert* v. *De Murias,* 115 id. 453; *Washington Life Ins. Co.* v. *Scott,* 119 id. 847; *People* v. *Ostrander,* 144 id. 860.)

The order is reversed, with ten dollars costs and disbursements to defendant, and the motion for leave to serve an amended answer is granted upon payment of taxable costs up to the date when the motion to amend the answer was made.

CLARKE, P. J.; LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements to appellant, and motion granted on payment by defendant of taxable costs up to date when motion to amend answer was made.