LILLIAN M. PARTRIDGE, Plaintiff, *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant.

Supreme Court, Erie County, January 13, 1925.

Insurance — accident insurance — policy contains provision denying coverage to any person over age of sixty-five notwithstanding provision covering insured against death " during term of one year " from date of policy — policy contains two inconsistent provisions — motion by defendant to amend its answer so as to claim protection of coverage as to age — insured suffered injury and death after he became sixty-five, but within one-year period of policy — defendant took year's premium with full knowledge of defendant's age — motion denied.

An accident insurance policy, which contains a provision denying coverage to any person under the age of eighteen years and over the age of sixty-five, though on its first page it sets out that it insures the insured against death from certain causes " during the term of one year," etc., from the date of the

policy, is inconsistent, and a motion by the insurer to amend its answer in an action on said policy so as to claim the protection of the provisions of the policy as to insured's age, should be denied, where it appears that the application for the policy plainly disclosed that the insured would become of the age of sixty-five years within the year following its date; that he died after he became sixty-five but within the one-year period of the policy; and that the insurer accepted a year's premium with full knowledge of insured's age. The defendant should not be permitted to issue a policy containing two inconsistent provisions.

MOTION by defendant to amend its answer in action on an accident insurance policy.

*Charles W. Strong,* for the plaintiff.

*Franklin R. Brown,* for the defendant.

CROSBY, J.:

This action was brought by plaintiff to recover upon an accident policy issued to a man who is claimed to have died as a result of blood poisoning resulting from an accident. By the terms of the policy plaintiff was named as beneficiary in case of the death of the insured. The answer puts in issue the claim of plaintiff that the death of insured resulted from the accident and alleges that death resulted from causes not insured against.

The policy insures the decedent for a period of one year from its date, and a full year's premium was paid by the insured and accepted by the defendant. The application which the decedent made for the policy is, by the terms of the policy, made a part thereof, and such application plainly disclosed that the insured would become of the age of sixty-five years within the year following the date of the policy. The policy also contains a provision, authorized by section 107(20) of the Insurance Law as follows: " The insurance under this policy shall not cover any person under the age of eighteen years nor over the age of sixty-five years. Any premiums paid to the company for any period not covered by this policy will be returned upon request."

This provision is inserted into the policy, notwithstanding the provision appearing on the first page of the policy, in bold letters, that the defendant insures the insured against death, from certain causes, " during the term of one year," etc., " from the day that this policy is dated." The insured may be charged with knowledge of the provision first above quoted, and the defendant must be charged with knowledge of the provision last above quoted; and since defendant drew up the policy it must be charged with knowledge (gained from the application) that the insured would become sixty-five years of age before the termination of one year from the date of the policy.

This motion is made by defendant to be permitted to amend its

answer, so as to claim the protection of the provision of the policy first above quoted; the insured having suffered his injury and death after he became sixty-five years of age, but within the year after the date of the policy. If that defense ought not to be permitted, it were better to say so here upon this motion than to permit the question to be involved in a trial on the merits. An appeal from an order made herein can more easily and cheaply be made than an appeal on a case in which the question here raised may be the only question.

The defendant ought not to be permitted to issue a policy containing two inconsistent provisions, then claim for itself all the benefits under one, and escape all the liabilities under the other. There is no ambiguity here. The two provisions are plainly inconsistent. In one provision the defendant says, " I insure you for a year." In the other it says, " I insure you for six months," or whatever the exact period is. But it takes a premium in advance for the whole year, with the agreement that it will return the part paid for the period beyond the time when the insured became sixty-five. But why take the premium at all for a period beyond the sixty-fifth birthday of the insured? It becomes a fraud *ab initio* for the defendant to take premiums for a year, and then play fast and loose with the inconsistent provisions which defendant itself, with full knowledge of the inconsistency, placed in its policy.

There are three horns to the dilemma: Either (1) both these provisions of the policy must be given force and effect, or (2) neither, or (3) one of them. To give effect to both is manifestly impossible, for they cannot be reconciled. To give effect to neither is equivalent to holding that no policy at all was issued, and that is manifestly contrary to the intent of the parties. We come, then, to the conclusion that one provision must stand and the other fall. The defendant made its election which provision it intended, when it took a year's premium with full knowledge of the age of the insured. It is also true that the policy should be construed more strictly against the defendant than against the insured, who paid for it without seeing it, and in all probability never saw the provision now relied upon by defendant, at least until after the policy was delivered.

I find the defendant guilty of no laches in making its application. It appears that, after proofs of loss were filed with defendant, it wrote a letter to plaintiff, stating the ground on which refusal to pay the face of the policy was made. Plaintiff contends that defendant is now precluded from urging in its answer any reason for refusal to pay the policy other than the reasons stated in said letter. I have not considered that argument. My determination to deny the

motion is placed solely and squarely on the ground that the defendant cannot issue a policy containing the two inconsistent provisions above quoted and then reap the benefits (by way of premiums) from the one that insures for a year, and at the same time claim the protection of the one that insures for a half year.

Motion denied, without costs.