LILLIAN L. PARTRIDGE, Respondent, *v.* THE FIDELITY AND CASU-
ALTY COMPANY OF NEW YORK, Appellant.

Fourth Department, May 6, 1925.

Pleadings — action on accident insurance policy — motion to amend
answer setting up expiration of policy prior to accident was denied on
ground of insufficiency in law of amendment — merits of proposed
defense should not ordinarily be passed on — since mistake was made
by defendant's attorney in drafting proposed amendment, defendant
is permitted to make new motion.

A motion by the defendant in an action on an accident insurance policy to amend
the answer by setting up the defense that the policy expired before the accident
was denied by the Special Term on the ground that the proposed amendment
was insufficient in law to constitute a defense. Ordinarily, the court will not,
on a motion to amend, determine the merits of the proposed amendment, but
will grant the motion, leaving the parties to litigate the issues at the trial, unless
facts exist which would make it inequitable to do so.

Since, however, it was discovered after the decision of the motion at Special Term
that the defendant's attorney made a mistake in drafting the proposed amend-
ment, the Appellate Division will not decide whether or not the court improperly
denied the motion, but will permit the defendant to make a new motion upon
corrected papers.

APPEAL by the defendant, The Fidelity and Casualty Company
of New York, from an order of the Supreme Court, made at the
Erie Special Term and entered in the office of the clerk of the county
of Erie on the 15th day of January, 1925, denying defendant's
motion for leave to serve an amended answer.

*Nadal, Jones & Mowton* [*Franklin R. Brown* of counsel], for the
appellant.

*Charles W. Strong* and *Orlin J. Colburn* [*Charles W. Strong* of
counsel], for the respondent.

PER CURIAM:

The defendant made a motion at Special Term for permission to
serve an amended answer setting up as a new defense that the policy
sued upon had expired by its terms before the plaintiff's intestate
received the injury which the complaint alleges caused his death.
The learned Special Term held that the defendant was not guilty of
laches, but denied the motion upon the ground that the proposed
defense is insufficient, as a matter of law, to raise an issue. (124
Misc. 634.)

Ordinarily the court will not, on a motion to amend, determine
the merits of the proposed amendment, but will leave the parties
to litigate at the trial the issues attempted to be raised by the

amendment. The denial of the motion in this case might have the effect of finally determining the rights of the parties as effectually as a judgment after trial. Under such circumstances the court should grant the motion to amend unless facts exist which would make it inequitable to do so. If there is doubt as to the sufficiency of the proposed amendment the court should permit it to be served. The courts favor a policy which will enable the parties to an action to have the pleadings in such shape as will enable them to litigate upon the trial all questions affecting their rights. (*Muller* v. *City of Philadelphia,* 113 App. Div. 92; *Reilly* v. *Waterson, Berlin & Snyder Co.,* 194 id. 446; *Guaranty Trust Co.* v. *Schmidt,* 187 id. 561; *Doty* v. *Rensselaer County Mutual Fire Ins. Co.,* 188 id. 29; *Gedney* v. *Diorio,* 190 id. 85; *Rosenberg* v. *Feiering,* 124 id. 522; *Bates* v. *Salt Springs National Bank,* 43 id. 321.)

It has been discovered since the motion was decided at Special Term that the defendant's attorneys made a mistake in drafting the proposed amended answer. In view of that fact this court will not decide the motion, but will permit the defendant to make a new motion upon corrected papers. We do not pass upon the question raised as to the sufficiency of the proposed amendment to raise an issue.

All concur. Present — HUBBS, P. J., CLARK, DAVIS, SEARS and TAYLOR, JJ.

Order reversed, without costs, and permission granted to the defendant to make a new motion for permission to serve an amended answer.