GEORGE H. SHERMAN, Plaintiff, *v.* INTERNATIONAL PUBLICATIONS, INC., and Others, Defendants.*

Supreme Court, New York County, September 12, 1927.

**Pleadings — answer — amendment — amendment not denied on ground that original answer is sufficient — amendment may be permitted though too broad.**

It is not a ground for refusing a motion to amend an answer that the original answer may be sufficient to permit the introduction of any evidence which

---

* See, also, 214 App. Div. 437.

would be admissible under the proposed amended answer. The court will not examine into or determine the sufficiency of proposed amendments or the merits of the pleadings unless the motion to amend appears to have been made for the purpose of delay or to otherwise prejudice the adverse party.

The mere fact that a proposed amendment is too broad is not a ground for refusing the defendant the right to amend. Such an amendment having been granted, the plaintiff is entitled to pursue the same remedies to obtain relief as if the allegations of the amended answer were in the original answer.

MOTION to amend answer.

*Trowbridge & Fox,* for the plaintiff, for the motion.

*William A. DeFord* [*Harold H. Corbin* and *Max D. Steuer* of counsel], for the defendants, opposed.

FRANKENTHALER, J. Plaintiff's opposition to the proposed amendments, other than those marked 13A, 13B and 15B, is based upon his claim that the answer, in its present form, sufficiently permits the introduction of any evidence which would be admissible if it were amended in the manner requested. Even if it be assumed that plaintiff's premise is correct, it is not ordinarily the function of the court, on motions of this character, to examine into or determine the sufficiency of proposed amendments or the merits of the pleadings. (*Partridge* v. *Fidelity & Casualty Co.*, 213 App. Div. 8; *Hanna* v. *Mitchell*, 202 id. 504; *Reilly* v. *Waterson, Berlin & Snyder Co.*, 194 id. 446.) In the *Reilly Case* (*supra*) the Special Term had refused to allow an amendment to the answer on the ground that the defendant was already adequately protected by denials. The Appellate Division, however, reversed the order and permitted the amendment, pointing out that the merit of the proposed pleading was not properly a subject for the court's consideration on a motion to amend. An exception to the rule is, of course, presented where the purpose of the amendment appears to be to gain delay or to work some similar prejudice to the adverse party. No such claim is made here.

The objection raised to proposed amendments 13A, 13B and 15B is that they refer to vaccines in general and not to plaintiff's vaccines. The considerations adverted to in connection with the other amendments may be said to apply here with equal force. Moreover, an examination of the amendments reveals that their allegations refer to *all* vaccines, including those manufactured by plaintiff. A statement that vaccines as a class are dangerous to life and health applies to *plaintiff's* vaccines as well as others. If, as plaintiff asserts, the language of the proposed amendments is too broad, he is entitled to pursue the same remedies in order to obtain relief as if the allegations complained of were part of the original answer. Defendant cannot, however, be denied the right

to amend merely because the language of the proposed pleading may be broader than plaintiff may think necessary. The motion is, therefore, granted upon condition that defendant pay to plaintiff's attorney within ten days costs to date and serve its amended answer, in the form proposed, within like period. Settle order on notice.