FITZGERALD BROS. CONSTRUCTION Co., INC., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28351.)

Court of Claims, April 11, 1947.

*Eugene J. Steiner* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Douglas S. Ryder* of counsel), for defendant.

LAMBIASE, J.  Claimant moves for leave to amend the claim heretofore filed herein in the respects shown in the proposed amended claim which it has attached to the moving papers and which it asks leave to file herein.

The original claim is for retained percentage of contract price and for the additional " sum of $484.58 as the agreed cost of repairing flood damage and removing flood debris ", the claimant alleging therein that it " performed such repairs and removal under orders and supervision of the engineer in charge."

The affidavit made by claimant's attorney and comprising part of the moving papers herein states, among other things:

A.  " In going over the claim counsel and I observed that the factual details by reason of which the claim arose were not presented or set forth in the claim.  Since such facts are essential to the proper understanding and development of claimant's claim, we agreed that an application for leave to submit an amended claim should be made, before claimant can proceed to trial."

B.  " The filing of this amended claim will in no way prejudice the State of New York since it is entirely familiar with all the facts out of which the claim arose and it cannot possibly be surprised or placed at a disadvantage."

The State objects to the granting of the relief herein asserting (1) that the amended claim purports to set up a new theory or a new cause of action, (2) that the claimant had knowledge, at the time that the original claim was prepared, of all of the additional matters set forth in the allegations of the amended claim, and (3) that it did not move to amend the claim until the case was on the calendar ready to be marked for trial.

We believe that the State's position is untenable.  We agree with claimant's attorney that the proposed amended claim sets up additional factual details not set forth in the original claim

and by reason of which the claim arose. An examination of the proposed amended claim discloses that the allegations therein contained, which may be considered as amendatory, are but an amplification or expansion of the cause of action set forth in the original claim. In our opinion the original claim, as well as the proposed amended claim, states but a single cause of action, both of them setting forth the same identical cause of action, the amended claim at most serving to state additional grounds in support of and to sustain the cause of action alleged. For the purpose of establishing such cause of action, claimant may state as many grounds as it has to sustain it. (*Payne* v. *New York, S. & W. R. R. Co.,* 201 N. Y. 436; *Marion* v. *Coon Construction Co.,* 216 N. Y. 178, 180; *Kent* v. *Erie Railroad Co.,* 201 App. Div. 293.)

The object of requiring the filing and serving of a claim within the time provided for by the statute is to place the State in a position to have an investigation made by the proper officials of the claim being alleged against it, and to have the State's defense prepared. (*Petronis* v. *State of New York,* 170 Misc. 223.) When, therefore, the State began its investigation herein based upon the original claim, it naturally must have inquired into the conduct of the officials and employees connected with the subject matter thereof, and into the facts and circumstances surrounding the same. This investigation must have taken the same course under the circumstances herein, and the same facts would, in all probability, be elicited upon such investigation under the allegations of both claimant's original claim and of his amended claim. The original claim, therefore, served every purpose so far as the State was concerned, and there can be no element of surprise involved herein. (*Murray* v. *State of New York,* 202 App. Div. 597.) Assuming the original claim to have been duly filed herein, the filing of the amended claim herein does not offend against any of the filing provisions of the Court of Claims Act (L. 1939, ch. 860).

No affidavit of claimant is presented on this application. There is, however, an affidavit of claimant's attorney in which he states that he is entirely familiar with all the facts and circumstances. It seems to be definitely settled that when a party asks for leave to amend, he should present his reasons therefor in his own affidavit, unless it is made to appear that the facts upon which the application is based are peculiarly within the knowledge of some other person whose affidavit is presented. (*Rhodes* v. *Lewin,* 33 App. Div. 369; *Mutual Loan*

*Assn.* v. *Lesser,* 81 App. Div. 138; *Parkes* v. *Mayor of City of New York,* 43 App. Div. 617.)   Another exception to the rule may be recognized in case the moving papers clearly show that it is impossible or at least impracticable to obtain the plaintiff's affidavit.   (*Aborn* v. *Waite,* 30 Misc. 317.)   It is equally clear that such relief (leave to amend) should be granted only when some reason for granting the application is made to appear or some measure of excuse for failure to put the pleading in proper form within the time prescribed by the statute for that purpose is given.   (*Mutual Loan Assn.* v. *Lesser,* 81 App. Div. 138, 140, *supra; Pratt, Hurst Co., Ltd.,* v. *Tailer,* 99 App. Div. 236, 238; *Jacobs* v. *Mexican Sugar Refining Co., Limited,* 115 App. Div. 499, 502; *Quarantiello* v. *Grand Trunk Railway Co.,* 145 App. Div. 138.)   We are not without some doubt as to the sufficiency of the affidavit of claimant's attorney submitted on this application.

The granting or denying of permission to amend a pleading ordinarily lies in the discretion of the court.   The court exercises this discretion liberally in the furtherance of justice. Ordinarily, the court, on a motion to amend, will not examine into or determine the merits or sufficiency of proposed amendments, or the merits of the pleadings.   As a general rule a party to an action is " ' permitted to put his pleadings in such shape as will enable him to raise and have determined at the trial every question affecting his interest involved in the subject-matter of the litigation.' "   (*Washington Life Insurance Co.* v. *Scott,* 119 App. Div. 847, 849; *Muller* v. *City of Philadelphia,* 113 App. Div. 92; *Kursheedt Manufacturing Co.* v. *Rosenzweig,* 189 App. Div. 217; *Partridge* v. *Fidelity & Casualty Co.,* 213 App. Div. 8, revg. 124 Misc. 634; *Reilly* v. *Waterson, Berlin & Snyder Co.,* 194 App. Div. 446; *Newman* v. *Goldberg,* 250 App. Div. 431; *Hanna* v. *Mitchell,* 202 App. Div. 504, affd. 235 N. Y. 534; *Sherman* v. *International Publications, Inc.,* 130 Misc. 543).

An exception to the rule, of course, is presented where the purpose of the amendment appears to be to gain delay or to work some similar prejudice to the adverse party. (*Hanna* v. *Mitchell, supra.*)   An application for leave to amend a pleading will be denied where there has been laches or where injustice has been done to the adverse party.   (*Jacobs* v. *Mexican Sugar Refining Co., Limited,* 115 App. Div. 499; *Kursheedt Manufacturing Co.* v. *Rosenzweig, supra; Muller* v. *City of Philadelphia, supra.*) The original claim herein was filed on January 22, 1947.   The application to amend was heard March 31, 1947.   We can find

nothing in this case which brings it within any of the exceptions to the general rule noted herein.

We are of the opinion that the original claim as filed is sufficient, and that the motion to amend is unnecessary or, if necessary, is one which could have been made upon the trial. However, this application to amend having been made in advance of the trial in good faith and no injustice or prejudice resulting to the State as a result of the granting thereof (*Muller* v. *City of Philadelphia,* 113 App. Div. 92, *supra*), claimant's motion is granted (*Diamond* v. *State of New York,* 147 Misc. 706) without prejudice to the position of this claim upon the calendar of this court.

Submit order accordingly complying with rule 16 of the Rules of the Court of Claims.