Jacob J. Schwartzwald, J.
Defendant moves for leave to amend her verified answer so as to include therein a denial of knowledge or information sufficient to form a belief as to the allegations of paragraph I of the complaint.
Paragraph I recites that “plaintiff and defendant were brother and sister and the children of Joseph Hasenfratz, now deceased.”
The action is one in which plaintiff seeks to impress a trust upon parcels of real property which he alleges were conveyed by decedent Hasenfratz to defendant upon the understanding that they were to be held in trust for said decedent and that they would be reconveyed to said decedent or to any person designated by him. Plaintiff asserts a claim to a joint interest in said realty, presumably upon the ground that together with defendant he is a next of kin and heir-at-law of decedent Hasenfratz.
Defendant, in support of the instant motion, claims in effect that the omission from the original answer of any reference to the allegations of paragraph I of the complaint was the result of an oversight in that her attorney, acting upon the assumption that plaintiff and defendant were brother and sister, prepared the answer to the complaint without asking defendant any questions respecting such relationship of the parties as alleged in the complaint. Defendant also seeks to show, in her supporting affidavit, circumstances furnishing the grounds for the disclaimer of sufficient knowledge or information concerning the allegations of paragraph I of the complaint.
An issue also arises upon the affidavits presented on this motion as to whether defendant stated, in an examination before trial conducted in this action, that she was plaintiff’s sister. This issue however is not properly determinable upon this motion, for the reason hereinafter indicated.
I am of the view that the defendant should be permitted the opportunity to raise the issue with respect to the alleged familial relationship of the parties, a matter that constitutes a material aspect of plaintiff’s claim in this action. It is the settled policy of the courts to exercise with liberality the power to permit amendment of pleadings to the end that the parties may have an opportunity to raise and have determined all *860 questions affecting their rights, provided of course that no party is materially prejudiced. (Bendan Holding Corp. v. Rodner, 245 App. Div. 723; Milliken v. McGarrah, 164 App. Div. 110; Partridge v. Fidelity S Cas. Co. of N. Y., 213 App. Div. 8; Washington Life Ins. Co. v. Scott, 119 App. Div. 847.)
While it could be argued with some justification that the facts alleged in defendant’s affidavit as support for her claim of insufficient knowledge or information respecting the allegations of paragraph I of the complaint are somewhat nebulous and not entirely satisfactory from the standpoint of persuasiveness, such factor is not a consideration which will affect the determination of the instant motion. The merits of the proposed amendment or its legal sufficiency are not matters with which the court will concern itself on this motion. Unless a proposed amended pleading is clearly frivolous, or otherwise palpably deficient or without merit, its merits and legal sufficiency are not to be determined upon a motion to amend, but remain to be tested by appropriate motion after such amended pleading has been served or upon the trial (Whitestone Realty Corp. v. Malba Properties, 4 A D 2d 688; Vasile & Son Inc. v. Concrete Trans-Mix Corp., 1 A D 2d 936; Coron v. Lincks, 259 App. Div. 924; Cohen v. Dana, 273 App. Div. 1017; Gillette v. Allen, 269 App. Div. 441; Partridge v. Fidelity & Cas. Co. of N. Y., 213 App. Div. 8, supra). I do not consider the proposed amendment to be so clearly without merit or so palpably deficient as to warrant depriving the defendant of the opportunity to raise, by means of such proposed amendment, an issue which the defendant through alleged inadvertence failed to raise on the original answer.
Motion granted. Submit order.