Milton Alpert, J.
This is a motion for an order pursuant to OPLE 3102 (subds. [a], [f]) for discovery of all records pertaining to claimant while incarcerated in penal institutions between March 26, 1958 and February 10, 1966, it being alleged in the claim that claimant was held beyond the maximum term in a mental institution. The motion is required, it is alleged, to develop the answers required in the demanded bill of particulars.
*156 A party may obtain disclosure to enable him to frame his answer to a demanded bill of particulars (Erbe v. Lincoln Rochester Trust Co., 7 A D 2d 963). Proper procedure, however, requires that a party first ascertain by means of. an examination before trial the identity of documents in possession of the adverse party, and then move to discover specifically identified documents (Rios v. Donovan, 21 A D 2d 409).
The State, for such an examination before trial, is required to designate one or more officers, agents or employees having knowledge of the facts and circumstances sought to be obtained in the examination (Tralongo v. State of New York, 4 A D 2d 733, 734). No privileged matter may be obtained (CPLR 3101, subd. [b]).
In this particular motion, the moving affidavit was made by the attorney, and not by the claimant. The moving affidavit must be made by a person having the knowledge of the facts (Fitzgerald Bros. Constr. Co. v. State of New York, 188 Misc. 940). Since first hand knowledge of the facts by the affiant is required, ordinarily it is the affidavit of a party rather than the affidavit of his attorney which is required (1 Carmody-Wait 2d, New York Practice, § 4:28, p. 645). The affidavit of the attorney upon information and belief is insufficient, at least in the absence of an adequate excuse for not producing the affidavit of the party himself (Fox v. Peacock, 97 App. Div. 500). Hearsay affidavits by attorneys have no probative force (Trans Amer. Development Corp. v. Leon, 279 App. Div. 189). If it is necessary for the attorney to make the affidavit, he should explain why he did it and the sources of his information. A mere ‘1 advised by my client ’ ’ is insufficient. In other words, he must lay a proper foundation for the affidavit to be afforded any weight. None appears to be set forth in the instant case (see Backman v. State of New York, 24 A D 2d 550).
The motion is denied without prejudice to being renewed at a.proper time upon proper moving papers. Claimant’s time to answer the demanded bill of particulars is extended for a time reasonably sufficient to permit an examination before trial and subsequent discovery, if necessary.