Richard S. Lane, J.
This action for personal injuries arising out of an automobile accident came before me in the Conference Part in April of this year. After discussion with plaintiff’s attorney and the attorneys for the multiple defendants, a settlement in the amount of $500 was reached, a settlement which the court deemed eminently reasonable under the circumstances.
Now plaintiff’s attorney moves to vacate the settlement and restore the case to the calendar on the sole ground that his client has refused to accept the settlement.
It is basic to the conference and assignment system that counsel appearing before the court will have full authority or will bring their clients with them. A notice to this effect has been carried in the New York Law Journal for over a year now, and decisions of my colleagues rejecting motions of this kind have been printed from time to time (La Rosa v. Sutton Assoc., N. Y. L. J., Oct. 20, 1970, p. 19, col. 6; Rigby v. Rlank, N. Y. L. J., Oct. 14, 1970, p. S13, col. 3).
The phrase “ settled subject ” has become obsolete. It is a relic of. a more indulgent past when the court, the Bar, and apparently the public, were willing to live with an enormous backlog.
We have enjoyed salutary success in eliminating this backlog to the benefit of all concerned and I, for one, will not be party to a backward step.
Motion denied.