Angelo J. Ingrassia, J.
By this motion the plaintiff is seeking to vacate a settlement of this lawsuit and to have its action restored to the calendar. The facts are undisputed, and may be summarized as follows:
In December, 1964 the plaintiff issued a performance bond insuring for the benefit of the Town of Monroe that certain construction work would be completed by the defendants within a prescribed time. As a condition to the issuance of the bond the defendants agreed to indemnify the plaintiff for all costs and expenses, including attorney’s fees, which the latter might incur in connection with any claim made against the bond. Relying upon this indemnity agreement, the plaintiff commenced the instant action to recover attorney’s fees and legal expenses it allegedly incurred in defending an action brought by the Town of Monroe for remission of the bond.
On September 5,1973 this court granted the plaintiff summary judgment on its claim against the defendants to the extent of directing an assessment of damages.
On October 15, 1973, the date set for the assessment, after a preliminary conference before this court, the attorneys for the parties announced that the plaintiff’s claim had been settled for $900. The settlement was noted on the court’s records, and apparently nothing further was done until this motion.
The attorney for the plaintiff now alleges: “ At [the] settlement conference I agreed on behalf of the plaintiff to accept $900. in settlement. While at the time, I was of the opinion that this amount would be satisfactory to the plaintiff, I later learned that it is not ”. Without offering anything further, he requests that this case be restored to the calendar.
The application must be denied for several reasons.
While the general rule is that a court will grant relief from a stipulation of settlement made by an attorney without his”client’s consent or approval, the rule is not without exceptions (3 N. Y. Jur., Attorney and Client, § 34). Where court rule provides that an attorney shall not appear at a pretrial conference without full authority to settle his client’s cause, any settlement effected *554 at such stage will not be ,set aside on the basis of a subsequent claim that the attorney for one of the parties lacked actual authority. In such a case the attorney, by appearing without expressly qualifying his authority, impliedly acknowledges his authority to bind his client (Di Russo v. Grant, 28 A D 2d 847). It makes no difference that the client “ absolutely refused to accept ’’ the amount agreed upon (Di Russo v. Grant, supra). Weighing against the dissatisfaction of the client are both the unequivocal conduct of his own attorney and the overriding interest of the court in containing the congestion of its calendars and maintaining the integrity of its procedure. (See Martinez v. 348 East 104 St. Corp., 60 Misc 2d 31; Ruiz v. Rodriguez, 67 Misc 2d 438; Di Russo v. Grant, supra).
In this court it has long been the rale that attorneys at pretrial conferences must be present with the necessary authority to enter into binding dispositions on behalf of their clients (see 22 NYCRR 699.6). The attorneys for the plaintiff must be presumed to have been aware of this when they appeared in court and agreed to settle the plaintiff’s claim. By allowing the case to be marked “ settled ”, and by failing to make it known in any way that their authority was limited, they impliedly acknowledged that they had the authority to bind their client. To recognize anything less would result in prejudice not only to the defendants but also to every other litigant on the court’s calendar.
Apart from the foregoing, the unexplained delay of over one year in bringing this application strongly suggests a ratification on the part of the plaintiff. Where, as here, there has been a long acquiescence and silence on the part of the clients, the court is justified in inferring a ratification (3 N. Y. Jur., Attorney and Client, § 35). In such a case the client, because of his laches, should be estopped from repudiating the acts of his attorney (see Brumberg v. Chan, 25 Misc 2d 312).
Perhaps the most compelling reason for the denial of this application is the patent insufficiency of the moving papers. The only affidavit offered in support is that of the attorney. In that affidavit he states neither the source of his information nor any justification for failing to offer an affidavit from the plaintiff. To the extent that he is relying upon a claim that the plaintiff refused to accept the settlement, this latter omission on his part is fatal. His own averments in this regard are hearsay and of no probative value (Stepps v. State of New York, 58 Misc. 2d 155; Trans America Development Corp. v. Leon, 279 App. Div. 189).
*555 As a final point, the nature of the underlying action, as it relates to the instant application, bears comment. This action was commenced by the plaintiff to recover legal expenses it incurred in defending an earlier action brought against it by the Town of Monroe. Notwithstanding the actual amount of its expenses, its recovery in this suit would necessarily be limited to “ reasonable ” expenses (Swiss Credit Bank v. International Bank, 23 Misc 2d 572; Consolidated Ind. & Ins. Co. v. Dein, 233 App. Div. 380). In checking the records of the earlier action the court has learned that the plaintiff was then represented by the same law firm which has represented it in this action. Since, at the time of the settlement the only issue to be resolved was the reasonable value of the law firm’s own services, counsel was in a unique position when he agreed to accept a certain sum on behalf of the plaintiff. Certainly no one, not even the plaintiff, was in a better position to assess the true value of the plaintiff’s claim. While these circumstances alone would not be dispositive of this application, the court feels that they do bear directly on the scope of the attorney’s authority. They confirm the court’s initial determination that the plaintiff’s attorney, at least impliedly, acknowledged their authority to bind their client. These same circumstances also satisfy the court as to the fairness of its disposition. If, as they now maintain, the plaintiff’s attorneys exceeded their authority in settling this claim for the value of their own services, it would seem that the plaintiff is not altogether without a remedy.
For the foregoing reasons, this motion is in all respects denied.