the amount of the commissions from the purchase price in the belief that there was no broker in the case. Undoubtedly, if his ignorance of that fact was due to his own fault, the broker might still recover; but the undisputed evidence shows that he was misled by the defendant. Obviously a broker cannot keep his customer in the dark, and allow him to fall into the trap of agreeing to pay another broker or of taking a less price for the property in the belief that no commissions are to be paid, and then recover his commission. When the defendant undertook to furnish the name of his customer, he owed his principal the duty of a full disclosure. But, instead of giving him the name of the brother with whom he had dealt, he referred him to one in no way connected with the proposed purchaser. Upon receiving Father Williams's letter, the agent was justified in believing that there was no chance to sell to the defendant's customer, and, thus misled, was not required to inquire the name of Murray's principal. The defendant not only failed to disclose the name of his customer, but actually misled his principal by giving the name of another person.

The plaintiff's motion to direct a verdict for the amount demanded in the complaint, which was concededly due, should have been granted.

Judgment and order of the County Court of Dutchess County reversed and new trial ordered, costs to abide the event. All concur.

---

CONNELL v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. CARRIERS (§ 283*)—PASSENGERS—DUTY TO PROTECT PASSENGERS.
   A carrier must protect passengers from the negligent or willful misconduct of its servants while engaged in transporting such passengers.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1119–1124, 1140, 1141; Dec. Dig. § 283.*]

2. PLEADING (§ 248*)—AMENDMENTS—NEW CAUSE OF ACTION.
   Where the complaint alleged that, while plaintiff was a passenger on defendant's train, defendant assaulted her and ejected her from the train, a proposed amendment, alleging that defendant failed to protect her from assault, did not in terms change the cause of action alleged, by charging acts of persons not in defendant's employment; but the amendment allowed by the order, which alleged that defendant failed to protect plaintiff from assault caused by others while she was a passenger, was inconsistent with the original complaint.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

3. PLEADING (§ 244*)—AMENDMENTS—CONFORMITY OF PROOF.
   Where the evidence showed that plaintiff was assaulted while a passenger by defendant's servants, as alleged in the original complaint, there was no necessity for an amendment that defendant failed to protect plaintiff from assault by others than its employés.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 244.*].

4. PLEADING (§ 245*)—AMENDMENTS—TIME—LACHES.
   Where plaintiff and her attorney had full knowledge of the facts which occurred when she was ejected from defendant's train when she filed her complaint in an action therefor, based solely upon the acts of defendant's servants, she was guilty of gross laches by waiting 2½ years after serving

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the original complaint before offering to amend at the trial by alleging defendant's failure to protect her from the acts of others.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 654; Dec. Dig. § 245.*]

Appeal from Trial Term, Orange County.

Action by Margaret A. Connell against the New York, Ontario & Western Railway Company. From an order amending the complaint, and from an order resettling such order, defendant appeals. Resettling order reversed, and original order modified and resettled as stated.

See, also, 119 App. Div. 872, 104 N. Y. Supp. 1124.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

Thomas Watts, for appellant.

J. Stewart Ross, for respondent.

RICH, J.   The defendant is a common carrier of passengers. The complaint alleges that on August 1, 1906, the plaintiff purchased a ticket at Parksville, N. Y., entitling her to passage upon defendant's cars to the city of New York; that while she was a passenger and lawfully upon one of such cars, en route to her destination, the train stopped at the station of Middletown, where, without cause or fault on her part, the defendant maliciously and violently assaulted and ejected her and her baggage from the car and train, dragged and pulled her across the platform at said station, and forcibly delivered her and her baggage to a police officer, without right or authority so to do.   The answer is a denial of information sufficient to form a belief of the material allegations of the complaint, and an averment that, if plaintiff was ejected or removed from its train, such removal was by a police officer of the city of Middletown, engaged in lawfully making an arrest, because of which his acts were justifiable.

The action came to trial on February 8, 1909.   The plaintiff confined the evidence of herself and her witnesses to what occurred at Middletown, which, briefly stated, was that after the train stopped one Grant R. Wilson, a special officer in the employ of the defendant at the time of the occurrence, pulled her out of her seat into the aisle of the car, along which he pushed her to the car platform, where a policeman came to his assistance and the plaintiff was dragged off the car by them.   Her baggage was taken off the car by a porter, on the order of Wilson, who wore a badge lettered "O. & W. Detective Service." Physicians called by the plaintiff testified that her injuries were permanent.   While the plaintiff was testifying, and after she had detailed the occurrence of her removal from the car to the platform station, the record shows the following to have taken place:

"Mr. Ross:  I move to amend the complaint, so as to allege permanent injuries.

"Mr. Watts: And I object to it on the ground of surprise.

"Mr. Ross: And I ask leave to further amend the complaint, so as to allege that the defendant failed to protect the plaintiff from assault and violence.

"Mr. Watts: I object to it, and ask that the case go over.  This would be setting up a new cause of action, and it is barred by the statute of limitations.

"The Court: I will allow the amendment, and put the case over to the next term of court. I allow this amendment, and because of your claim that you are surprised by reason of the permanency of these injuries I will put .the case over. * * * "

Had the order entered conformed to the relief as shown by the record to have been granted, there would be no cause for complaint. The well-known rule of the liability of defendant as a carrier of passengers placed upon it the duty of protecting the plaintiff from the negligent or willful misconduct of its servants while engaged in the performance of the duties arising from the relation of carrier and passenger. The amendment asked did not in terms extend to the acts of persons not in the service of defendant, and did not change the cause of action alleged, which, after the complaint was so amended, would yet be limited to the assaults committed by defendant's servants at Middletown. The order as entered, however, granted a different relief. It amended the complaint by inserting an allegation "that the defendant failed and neglected to protect the plaintiff from assault and violence caused by others while plaintiff was a passenger on said train," and it provided that the answer of the defendant be considered as denying the averment of such amendment without further pleading, which deprived the defendant of its right to demur to or answer the complaint as amended. Later the defendant moved to resettle the order entered, by striking out the quoted clause, and inserting in place of its provisions as to defendant's answer a direction that the plaintiff serve upon the attorney for defendant a verified complaint containing the amendments allowed, in addition to the matter set forth in the original complaint, and the denial of such motion was error.

There was no reason shown requiring the amendment alleging a cause of action based upon defendant's failure to protect plaintiff from the assaults of persons other than its employés at places upon its road other than Middletown. The evidence given supported the allegations of the complaint as to who committed the assault complained of and where it was committed. Such amendment was inconsistent with the allegations of the original complaint and the cause of action therein averred, and it materially changed by enlargement the character of the action. The liability of the defendant under the original complaint was based upon the willful assault committed by its servants upon the plaintiff at Middletown, while under the amendment such liability is predicated upon the failure of the defendant to protect the plaintiff from the assaults of persons not in its employ, committed at places other than Middletown. In the original complaint the plaintiff says to the defendant:

"I was assaulted by your servants, while a passenger on your road, at Middletown, and sustained my injuries as the result of such assault."

By the amendment she says:

"I was assaulted by third parties, from which assaults you were obligated to protect me."

And such assaults could be shown to have been made at any place on the road after she became a passenger, and before as well as after reaching Middletown.

This amendment should have been refused for the further reason and upon the further ground of gross laches in making the application, which was wholly unexplained and unexcused. At the time the original complaint was served—2½ years before the trial—the plaintiff had full knowledge of all that occurred from the time she boarded the train at Parksville until she was removed from it at Middletown, and it nowhere appears that her attorney was not informed of the entire facts of the case prior to the commencement of the action. Having this knowledge, she elected to base her action solely upon the assault made upon her at Middletown by defendant's servants. Under such circumstances a plaintiff will not be permitted by amendment of the complaint to set up matters of which she had full knowledge at the time of commencing her action. Especially should this rule be applied to amendments sought during the progress of the trial.

The order granted on March 20, 1909, resettling the original order granted on February 11, 1909, is reversed, and said original order modified and resettled by striking therefrom the provision amending the complaint in the following language:

"That the defendant failed and neglected to protect the plaintiff from assault and violence caused by others while plaintiff was a passenger on said train."

And, as so modified and resettled, said original order is affirmed, with $10 costs and disbursements to the appellant. All concur.