BURR and THOMAS, JJ., concurred; HIRSCHBERG and RICH, JJ., dissented.

Judgment and order reversed and new trial granted, costs to abide the event.

In the Matter of the Petition of WILLIAM P. PRENTICE and ROBERT KELLY PRENTICE, Attorneys and Counselors at Law, Respondents, to Enforce Their Lien upon the Judgment for Plaintiff and the Proceeds Thereof, in RICHARD SANDIFORD, Plaintiff, against THE TOWN OF HEMPSTEAD and Others, Defendants, Recovered in Supreme Court, Queens County, New York.
                    RICHARD SANDIFORD, Appellant.

Second Department, February 14, 1913.

Attorney and client — lien — opening judgment by default — pleading — amendment.

Where attorneys having successfully conducted a case for their client procure a judgment against him by default establishing a lien for their services and an order subsequently opening the default as a favor to the client provides for the appointment of a receiver to take testimony as to the value of the services rendered, the client, three and one-half years after serving his answer, pursuant to the order opening his default, will not be allowed to amend so as to set up the defenses of the Statute of Limitations, laches on the part of the attorneys and negligence.

APPEAL by Richard Sandiford from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Nassau on the 8th day of October, 1912, denying his motion for leave to file an amended answer setting up the defenses, (1) the Statute of

Limitations, (2) laches, and (3) negligence on the part of the respondents.

*Nicholas W. Hacker*, for the appellant.

*Thomas G. Flaherty*, for the respondents.

WOODWARD, J.:

The petition shows that many years ago the appellant retained the respondents, attorneys, for the purpose of getting title to and defending the possession of certain real estate in the town of Hempstead; that the litigations growing out of this retainer were conducted by the petitioners, and generally with success, resulting in vesting in the appellant property to the value of approximately $100,000. The petitioners asserted a lien against the property secured by the appellant through their efforts, which resulted in an adjudication by default for the sum of $15,258.96, with interest, bringing the amount up to about $20,000. Subsequently this default was opened, but it was provided in the order opening the default that the order adjudicating the amount, being the order of November 23, 1908, should be "permitted to stand as security for the performance of such final order as may hereafter be entered herein, but all proceedings under the said order are hereby stayed." The order further provided that the appellant be permitted to serve and file his answer as "verified on the 31st day of October, 1908," and that the matter be referred to Robert F. Randall to take testimony as to the value of the services rendered by the petitioners and to report to the court. Thereafter Sandiford served his answer. Three years and a half after serving this answer, Sandiford now asks the court for permission to amend his answer, and to set up the defenses of the Statute of Limitations, laches on the part of the petitioners and negligence.

We agree with the learned court at Special Term that this is not a case for amendment. All of the matters which the appellant now seeks to set up by way of defense were equally available to him at the time of putting in the original answer, and no sufficient excuse is offered for not including them. Moreover, the appellant was in default. That default was

opened as a favor to the appellant, and he has accepted the favor. The answer was put in, the matter sent to a referee, and it would be an act of bad faith at this time to change the conditions of the order granting the favor.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., HIRSCHBERG, BURR and RICH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.