### DRISCOLL v. PARKER PEN CO.

(Supreme Court, Appellate Term, First Department.   April 16, 1913.)

1. MOTIONS (§ 52*)—FORM AND REQUISITES OF ORDERS—RECITALS.

   The court properly refused to recite in an order entered on a motion certain papers on file, but which were not submitted to the court on the hearing of the motion.

   [Ed. Note.—For other cases, see Motions, Cent. Dig. § 64; Dec. Dig. § 52.*]

2. PLEADING (§ 238*)—APPLICATION FOR LEAVE TO AMEND—SUFFICIENCY OF AFFIDAVITS.

   A motion for leave to amend a complaint on the affidavit of plaintiff's attorney's managing clerk could not be granted, where no reason was given for the failure to obtain plaintiff's affidavit and the amended complaint was not verified by plaintiff; Code Civ. Proc. § 723, authorizing the courts to allow amendments in furtherance of justice, not authorizing the granting of such relief on insufficient papers.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 602, 620–625; Dec. Dig. § 238.*]

Appeal from City Court of New York, Special Term.

Action by Thomas F. Driscoll against the Parker Pen Company. From an order granting leave to serve an amended complaint, and an order denying a motion to resettle the first order, defendant appeals. First order reversed. Appeal from the second order dismissed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Robert W. Maloney, of New York City, for appellant.

Charles Dushkind, of New York City, for respondent.

PAGE, J. An order had been entered requiring plaintiff to serve a verified bill of particulars. Upon plaintiff's failure to comply a motion was made to preclude the plaintiff from giving evidence. On July 31, 1911, an order was entered denying this motion, upon condition that the plaintiff furnish the bill of particulars within two days and pay $10 costs. The plaintiff failed to comply with the latter order, and on Au-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gust 31, 1911, an order was entered precluding the plaintiff from giving testimony, with $10 costs. The costs have not been paid. Plaintiff on March 7, 1912, moved to be allowed to serve an amended complaint. From the order entered upon this motion, and from an order denying its motion to resettle the former order, the defendant takes separate appeals.

[1] There is no merit in the appeal from the latter order. The defendant sought to have certain filed papers to which reference was made in the opposing affidavit recited in the order. It does not appear that these filed papers were submitted to the court on the hearing; therefore the court properly refused to recite them.

[2] The motion for leave to amend was upon the affidavit of the managing clerk in the office of the plaintiff's attorney, and no reason was given for failure to obtain the affidavit of the plaintiff, and the amended complaint was not verified by the plaintiff. This was entirely insufficient. The motion could not be based upon the affidavit of the plaintiff's attorney under such circumstances (Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106; Ryan v. Duffy, 54 App. Div. 199, 66 N. Y. Supp. 649; Mutual Loan Ass'n v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112), most certainly, therefore, not upon that of a managing clerk.

The plaintiff urges that under section 723 the amendment should be allowed "in furtherance of justice." We do not feel that this section authorizes the court to grant the relief asked upon wholly insufficient papers.

The order granting leave to serve an amended complaint will be reversed, with $10 costs and disbursements, and the appeal from the order denying the motion to resettle the order will be dismissed, without costs.

GUY, J., concurs. GERARD, J., concurs in result.