VADEN v. JOHN SCHLEICHER CO. et al.

(Supreme Court, Appellate Division, Second Department.    March 26, 1915.)

PLEADING ⊂⇒238—APPLICATION FOR LEAVE TO AMEND—AFFIDAVIT.

   Where defendants' application for leave to file a second amended answer was supported only by their attorney's affidavit, showed no reason why it was not made by defendant, failed to show personal knowledge of the attorney as to the facts to be pleaded, and excused the late filing because the attorney was unable to communicate with the defendants and was compelled to serve the original answer, without sufficient information, the motion was improperly granted, there being no affidavit of merits executed by the defendants, and no showing that within 20 days

after service of the original answer the attorney was unable to communicate with his clients, or that within such time he did not learn of the facts to be pleaded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 602, 620–625; Dec. Dig. ☞238.]

Appeal from Special Term, Westchester County.

Action by Sarah A. Vaden against the John Schleicher Company and John Schleicher. From an order granting defendants permission to serve a second amended answer, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

A. B. Morrison, of New York City, for appellant.

Edgar C. Beecroft, of New York City, for respondents.

RICH, J. The action is brought to foreclose a mortgage. The original answer was a general denial and contained a separate defense of extension. It was served on September 28, 1914. On October 20th following an amended answer was served, setting forth the same defenses and a counterclaim for $6,300, to which the plaintiff replied on the same day. On November 28th following the defendants moved, upon the affidavit of their attorney, for leave to serve a further amended unverified answer, alleging an additional counterclaim of $14,350, and for an order permitting all questions of fact involved to be stated for trial by jury, pursuant to the provisions of section 970 of the Code of Civil Procedure.

The affidavit shows no reason why it was not made by one of the defendants, it fails to show any personal knowledge of the attorney as to the facts sought to be pleaded, and it states as the only reason for asking permission to serve a further amended pleading that, before serving the amended answer, the attorney was unable to communicate with the defendants and was compelled to serve it without sufficient information, in consequence of which the amended answer as served was incomplete, in that the counterclaim of $14,350 was omitted. No reason is disclosed, however, why all of the facts could not have been ascertained before the pleading was served. There is no affidavit of merits, and it is not shown that within 20 days after the service of the amended answer the attorney was unable to communicate with one or both of his clients, or that within that period of time he did not learn the facts connected with such counterclaim. For these reasons the moving affidavit was insufficient. Lane v. Smyer, 157 App. Div. 889, 141 N. Y. Supp. 1128; Quarantiello v. Grand Trunk Railway Co., 145 App. Div. 138, 129 N. Y. Supp. 109; Mutual Loan Ass'n v. Lesser, 81 App. Div. 138, 80 N Y. Supp. 1112; Henry & Co., Limited, v. Talcott, 89 App. Div. 76, 85 N. Y. Supp. 98.

The proposed pleading should have been verified (Driscoll v Parker Pen Co. [Sup.] 141 N. Y. Supp. 251), and the failure to serve the amended answer within the time allowed by law should have been explained and excused (Jacobs v Mexican Sugar Refining Co., Limited. 115 App. Div. 499, 101 N. Y. Supp. 320; Pratt, Hurst & Co., Limited,

v. Tailer, 99 App. Div. 236, 90 N. Y. Supp. 1023; rule 23 of the General Rules of Practice).

I am of opinion, also, that the amendment should not have been allowed, except upon substantial terms.

The order, in so far as appealed from, is reversed, with $10 costs and disbursements, with leave to the defendants to renew their motion upon additional papers, if so advised. All concur.