In the Matter of the Compulsory Accounting of BEATRICE PROVISERO, as Administratrix of the Estate of SAMUEL J. PROVISERO, Deceased, Respondent. LUCILLE SPAMPINATO, Appellant.— In a proceeding to compel respondent to render and settle her account as administratrix, order of the Surrogate's Court, Queens County, granting respondent's motion pursuant to rule 112 of the Rules of Civil Practice, and dismissing appellant's petition on the merits reversed on the law, with $10 costs and disbursements, payable out of the estate, and motion denied, without costs. As a matter of pleading, appellant's petition is sufficient to sustain her demand for an accounting. Defenses alleged in the answer may not be considered in the determination of the motion since the allegations of such defenses are deemed controverted. (Civ. Prac. Act, § 243.) Issues of fact are presented which require the denial of relief pursuant to rule 112. Nolan, P. J., Adel and Beldock, JJ., concur; Wenzel and Schmidt, JJ., dissent and vote to affirm, with the following memorandum: The petitioner herein was, on the face of her petition, not entitled to the relief she sought. She should have instituted a plenary proceeding to set aside the release and concessions signed by her and others, and to be relieved of her waiver and consent. Not until these matters were disposed of could she possibly be entitled to an accounting.

■

WILLIAM MISTROFF et al., Appellants, v. SCAR-WHITE HOMES, INC., Respondent.— In an action by purchasers to recover the down payment paid on the execution of a contract for the purchase of real property, and to impress a lien on the property, plaintiffs appeal from a judgment dismissing the complaint after trial and from an order denying their motion to resettle the findings of fact and conclusions of law. Judgment and order unanimously affirmed, with costs. The purchasers having defaulted on the closing date, they may not recover the down payment either in an action in equity or at law, whether or not the seller suffered any damage. (*Lawrence* v. *Miller*, 86 N. Y. 131.) Present — Nolan, P. J., Carswell, Wenzel, MacCrate and Beldock, JJ.

■

ANTHONY MORRIS, Respondent, v. CORAL CAFE, INC., et al., Appellants.— Order granting plaintiff's motion for leave to serve a second amended complaint in an action to recover damages for assaults reversed on the law and the facts, with $10 costs and disbursements, and motion denied, without costs. Not only is there no satisfactory excuse for the failure of plaintiff previously to plead the additional assaults and to make his own affidavit in support of the motion for leave, but the delay has been inordinate, and recovery for the assaults now sought to be pleaded has been barred since June, 1950, or approximately two and one half years prior to the making of the motion for leave to amend. (*Smith* v. *Horn & Hardart Co.*, 276 App. Div. 869; *Connell* v. *New York, O. & W. R. R. Co.*, 134 App. Div. 231; *McConnell* v. *Williams S. S. Co.*, 265 N. Y. 594, 595; *Dietz* v. *Harris*, 221 App. Div. 581, 583.) Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.