Louis L. Friedman, J.
There are two motions before the court. One is by the plaintiff to vacate the defendant’s notice of examination before trial or, in the alternative, modifying the same; the cross motion is by the defendant to amend its answer so as to plead an affirmative defense to the effect that plaintiff has not duly performed all of the conditions on her part to be performed.
The action was brought to recover for a loss or damage which it is alleged was the type of loss insured against under the provisions of a policy of insurance issued by the defendant. The damage is claimed to have occurred in November of 1953, and immediately thereafter, defendant entered into negotiations with the plaintiff for the purpose of adjusting the loss. Defendant’s adjuster hired an experienced builder, and together with the plaintiff made an inspection of the items which were allegedly damaged. The affidavit of the attorney for the defendant, submitted in support of the present motion, admits that plaintiff’s inventory and estimate were both examined as were the alleged articles to which damage allegedly occurred. At the conclusion of such inspection and investigation, defendant then for the *968 first time denied liability upon the alleged claim that whatever damage had occurred wras the result of acts for which liability is excluded under the terms of the policy of insurance.
Following a year of negotiation, plaintiff commenced this action in December of 1954, about two years and eight months ago, and the action has now been on the calendar of this court for about a year and a half. As a commercial case, it is entitled to a preference if the rules are otherwise complied with, but in any event another Justice of this court has now set the action down for trial for September 10. Now, at this late date, defendant seeks to amend its answer so as to set forth an affirmative defense to the effect that plaintiff has failed to supply defendant with an inventory of the property claimed to have been damaged and has neglected to exhibit to defendant’s representative all that remained of said property, all as required by said policy.
It appears from defendant’s own motion papers before this court, that the defense is a spurious one since, as heretofore pointed out, defendant’s attorney’s affidavit which is submitted in support of this motion to amend, admits an inspection of the property as it was listed on plaintiff’s inventory and estimate. If that is true, then defendant did have both an inventory and estimate, as well as an inspection.
It is apparent to this court that defendant’s motion to amend and its notice to examine before trial (which notice is the subject of attack in plaintiff’s motion) have both been attempted in a further effort to delay plaintiff’s day in court. To permit the defendant to wait until this time, and then further delay the trial, would be unfair to the plaintiff.
In Jennings v. Perkins (277 App. Div. 1143) the Appellate Division, Second Department, reversed an order which, on the eve of trial, permitted defendant to amend his answer by setting out two affirmative defenses. The court there stated: “ It was an improvident exercise of discretion to permit an amendment of the answer to the prejudice of the plaintiff when the facts invoked were known or should have been known to the defendant at the time the original answer was served. (Massi v. Alben Builders, 270 App. Div. 482, affd. 296 N. Y. 767; Morey v. City of Rochester, 274 App. Div. 969; Drescher v. Mirkus, 211 App. Div. 763; Levy v. Delaware, Lackawanna & Western R. R. Co., 211 App. Div. 503; Matter of Prentice, 155 App. Div. 480.) ”
On the authority of the Jennings case (supra) and in the exercise of discretion, the motion to vacate the notice of examination before trial is granted in its entirety and the motion to amend defendant’s answer is denied. Submit orders.