John E. Cone, J,
Defendant moves to serve its amended answer so as to plead two separate defenses: (1) the Statute of Limitations, and (2) Statute of Frauds. The action is to recover alleged earned commissions for services already performed. The papers sans complaint show that plaintiff was an employee of defendant from 1950 to January 10, 1959, when defendant sold its business; that an examination before trial of one of defendant’s officers was had and the case is at issue and on the calendar for November 23. An affidavit by defendant’s attorney merely states that “on a restudy of the case deponent concluded * * * ” that amendment of the answer was required. The moving papers are otherwise devoid of any explanation for its omission to ascertain the alleged facts on which it now seeks to rely, and for its delay until the eve of the trial to seek the relief sought. Leave to amend a pleading to assert facts of *591 which the pleader had full knowledge when the pleading was first interposed must be factually explained and satisfactorily excused (Segal v. Kaliski & Gabay, 140 N. Y. S. 2d 158, 160; Morris v. Coral Cafe, 281 App. Div. 844). The excuse given is untenable. Plaintiff objects to the granting of the motion on the ground inter alia that a preference without objection has been sought and it is not refuted that the cause is noticed for trial November 23. It is my view that this motion could well have been made before the eve of trial. To permit the answer now to be amended would be prejudicial to the plaintiff, particularly where the facts sought to be invoked by' defendant by way of defense were known or should have been known to defendant. This court, in Palmiere v. Standard Ins. Co. of N. Y. (8 Misc 2d 967), in denying defendant’s motion to amend its answer, stated at page 968: “ In Jennings v. Perkins (277 App. Div. 1143) the Appellate Division, Second Department, reversed an order which, on the eve of trial, permitted defendant to amend his answer by setting out two affirmative defenses. The court there stated: 1 It was an improvident exercise of discretion to permit an amendment of the answer to the prejudice of the plaintiff when the facts invoked were known or should have been known to the defendant at the time the original answer was served (Massi v. Alben Bldrs., 270 App. Div. 482, affd. 296 N. Y. 767; Morey v. City of Rochester, 274 A.pp. Div. 969; Drescher v. Mirkus, 211 App. Div. 763; Levy v. Delaware, Lackawanna & Western R. R. Co., 211 App. Div. 503; Matter of Prentice, 155 App. Div. 480).’ ” Defendant’s motion to amend, therefore, is denied. Settle order on notice.