Alexander Del Gtorno, J.
This is a motion for an order granting leave to file an amended claim and for an examination before trial of the Columbia, National and American Broadcasting Companies.
Claimant has appeared pro se throughout the course of the action.
The court will consider first the application for leave to file an amended claim. This application is based upon a notice of motion, an unverified proposed amended notice of claim and an affidavit which alleges only that claimant was told by several people that they heard newscasts of the Attorney-G-eneral’s action. There is no affidavit of merits.
On November 17,1960, there was filed in this court a notice of intention to file a claim, which set forth in substance that the Attorney- G eneral of the State of New York had filed a complaint *381 against claimant on May 12, 1959 in the Supreme Court, which contained allegations that were “false, fraudulent and misleading ; the affidavit accompanying this complaint contained passages that degraded my character
On November 25,1960, a claim was filed “ for the irreparable damage done to me by the State, Louis Lefkowitz and Carl Madonick, et al. who brought a complaint against me that contained allegations that were false, fraudulent and misleading. The affidavit contained several refrences to my character that were derogatory and false.”
By virtue of an order of this court dated January 17, 1962 pursuant to motion of the claimant, an amended complaint herein was filed on February 7,1962. This amendment added to paragraph 4 of the claim the allegation that the Supreme Court action “ was prosecuted by Mr. Martin on October 5,1960 ”, and added to paragraph 6 an allegation to the effect that the Attorney-General sent out press dispatches to news services and news media.
The proposed second amended claim alleges “the malicious and willful filing and prosecuting a fraudulent complaint by the New York Attorney General against the claimant in the New York Supreme Court which contained an allegation that was illegal, false and defamatory and for damage caused by the malicious publicity given the claimant as a result of the transmittal of a press dispatch by the Attorney General’s office to the various news media in New York.” The claim is stated to be one for malicious prosecution, defamation and invasion of privacy.
Damages in the sum of $850,000 are demanded in the original claim, in the amended claim and in the proposed second amended claim.
The State raises the question of the sufficiency of the pleading in the proposed amended claim as to the causes of action for malicious prosecution and invasion of privacy. In the absence of palpable deficiency of the proposed pleading, the court will not, on a motion of this nature, examine into and determine the merits or legal sufficiency of the proposed amended claim. (Coron v. Lincks, 259 App. Div. 924; Lazarus v. Rice, 268 App. Div. 985; Gillette v. Allen, 269 App. Div. 441.)
The moving papers upon a motion for leave to amend must include an affidavit by the party or by someone having knowledge of the facts, and an affidavit of merits. (Vaden v. Schleicher Co., 166 App. Div. 743; Fitzgerald Bros. Constr. Co. v. State of New York, 188 Misc. 940; Bedarf v. Rosenbaum, 286 App. Div. 1103.) The supporting papers must furnish a satisfactory *382 excuse for the failure originally to plead the additional facts, and if the affidavit is not submitted, excusable grounds for such omission must be given. (Morris v. Coral Cafe, 281 App. Div. 844.) Claimant has not presented such excuse for failure to plead and has not presented excusable grounds for such omission.
Further, a party will not be permitted to serve an amended pleading containing facts of which he had full knowledge when the original pleading was first filed and where no satisfactory explanation for the omission has been shown. (Ackerman v. Philip Fleischer, Inc., 21 Misc 2d 590.) The matter comprising the additional causes of action in the proposed second amended claim was within the knowledge of claimant at the time of filing the original claim and the first amended claim. He has not offered any explanation for the omission to allege this matter previously.
Although normally liberality is exercised in the consideration of a motion to amend, nevertheless under the circumstances existing here the court cannot grant the motion.
As to that part of the motion which seeks an order for an examination before trial of the Columbia, National and American Broadcasting Companies, the court holds that such examination cannot be permitted. Such companies are not agents, servants or employees of the State and, therefore, are not under the jurisdiction of this court. The motion is denied in all respects.