■ KEAHON BROTHERS, INC., Respondent, v. PALISADES INTERSTATE PARK COMMISSION et al., Defendants, AMADEUS, INC., et al., Appellants, and FRANK FRONTINO et al., Respondents. (Action No. 1.) CLARKSTOWN EQUIPMENT Co., INC., Respondent, v. PALISADES INTERSTATE PARK COMMISSION et al., Defendants, AMADEUS, INC., et al., Appellants, and FRANK FRONTINO et al., Respondents. (Action No. 2.) — In two consolidated actions to foreclose mechanics' liens arising out of a public improvement project, and to recover payment under a certain labor and material payment bond, the defendants Amadeus, Inc., and American Surety Company of New York appeal from an order of the Supreme Court, Rockland County, dated March 24, 1964, which denied their motion: (a) to open the default of the Surety Company in failing to answer the complaint in Action No. 1, to permit it to serve its proposed answer, and to permit both of said defendants to serve answers and amended answers to the complaints and cross claims of the lienor plaintiffs and lienor defendants in both actions; and (b) for further and related relief. Order affirmed, with $10 costs and disbursements (Investment Corp. of Philadelphia v. Spector, 12 A D 2d 911; Wischerth v. Wischerth, 266 App. Div. 881; Morris v. Coral Cafe, 281 App. Div. 844; Ackerman v. Philip Fleischer, Inc., 21 Misc 2d 590). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ FRANCES McHENRY et al., Respondents, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In a negligence action by a wife and her husband to recover damages for personal injury, loss of services, etc., the defendant appeals: (a) from a judgment of the Supreme Court, Nassau County, entered January 8, 1964 after trial, upon a jury's verdict in favor of the plaintiffs; and (b) from an order of said court, dated December 30, 1963, which denied defendant's motion to set aside the verdict (CPLR 4404). Judgment and order affirmed, with one bill of costs. No opinion. Kleinfeld, Brennan and Hopkins, JJ., concur; Ughetta, Acting P. J., and Hill, J., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: In our opinion, plaintiffs failed to establish a prima facie case; they failed to show freedom from contributory negligence or actionable negligence on the part of the defendant (cf. White v. Lehigh Val. R. R. Co., 220 N. Y. 131; Goldstein v. New York Cent. R. R. Co., 19 A D 2d 835).

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT ASTOR WILLIAMS, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, dated May 2, 1963, which dismissed the writ after a hearing and remanded him to the custody of respondent. Order affirmed, without costs. The relator was sentenced to consecutive terms on conviction of the crimes of kidnapping and robbery. Relator contends that the indictments on which he was found guilty charge the commission of a single act or wrong and, hence, under section 1938 of the Penal Law the sentences should have been concurrent. In our opinion, the act alleged in the indictments, on which the relator was convicted, comprise separate and different crimes. Hence, the direction that the sentence imposed for each crime shall be served consecutively was valid (see Penal Law, § 2190, subd. 4). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.