## (December 10, 1968)

■ MARY DOWLING, Respondent, v. STERLING DRUG, INC., Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered July 3, 1968 in New York County, which denied a motion by defendant for an order for leave to serve an amended answer.

MEMORANDUM. Order entered July 3, 1968, denying leave to serve an amended answer reversed on the law and the facts and the motion granted without costs or disbursements.

Special Term denied defendant's application for leave to serve an amended answer pleading statutes of Connecticut in regard to limitations. Denial was predicated on a belief that a prior application for the same relief had been denied at Special Term and affirmed by this court. The prior motion was one for summary judgment on the ground that the action was time barred. Special Term denied the motion on the ground that the date when the cause of action accrued was in dispute. This court affirmed, without opinion (29 A D 2d 738). In addition to the grounds advanced by Special Term, appellant's brief reveals that it was in some doubt as to which of two statutes was applicable and that it was also relying on one not pleaded. There was no ruling that an amendment would not be allowed. Special Term also placed reliance on the ground that the application was tardy. In view of the fact that defendant has been asserting limitations from the very outset of the action, this application cannot be so considered.

McGIVERN, J. (dissenting). In my view, Special Term, in its discretion, most properly denied this defendant leave to serve an amended answer, and its disposition should not be upset.

The motion under review was made four years after the service of the com-

plaint, and there is no acceptable excuse for the delay. For four years the plaintiff has been confronted with the only defense set up in the answer filed in June of 1964, a one-year statute for negligence, although the complaint is one in warranty. The effect of the majority view is to foreclose the plaintiff from other avenues of relief, available at the commencement of the action and for some time thereafter, but not now.

Considering the plaintiff, the seriousness of her injuries, the fact that *ab initio* the gravamen of her complaint was warranty, and not negligence, permitting the defendant to gain belated advantage by a technical defense not properly pleaded before would in my judgment be tantamount to an abuse of discretion as a matter of law. This woman is suing for blindness. Her special damages alone are $35,000. Others, suing for similar injuries, apparently have recovered, and in substantial amounts. And, although I do not press the point, Special Term said, not without reason, " A similar application was heretofore denied by an order of Mr. Justice Korn (filed May 29, 1967, unanimously affirmed by order of the Appellate Division, First Department, dated April 23, 1968)."

Actually, the record discloses that on the first motion to dismiss, March 1, 1967, defendant's supporting affidavit said, " Further, defendant requests that it be allowed to amend its answer to plead whatever Connecticut statute of limitations the Court decides is applicable in this case, if any ". And attached to the moving papers was an exact replica of the same proposed amended answer presently handed up on this motion. That application was denied. On appeal, the defendant's concluding prayer in its brief was: " The order of the Court below should be reversed and defendant's motion to amend its answer and for summary judgment should in all respects be granted." Since we unanimously affirmed the complete denial of the relief defendant sought, by fair implication the proffered amendment now before us has been here before, nine months ago, and rejected utterly.

Three years had elapsed from the service of the defendant's answer, when the defendant first moved in 1967. Now, four years have gone by. The request was untimely then. It is more untimely now. And absent a satisfactory explanation, the courts have never glossed over delay in permitting an amendment. (*Morris* v. *Coral Cafe*, 281 App. Div. 844; *Bloom* v. *Brynien*, 33 Misc 2d 164.) An even more stringent view is taken when the defendant for a long period had knowledge of the facts upon which the proposed amendment is based. (*La Penta* v. *Remington Arms Co.*, 10 A D 2d 867.) The excuse of defendant herein that it had placed a misplaced reliance on an interpretation of a Federal case is an attenuated one, at best. Three years before the institution of this action, the highest Connecticut court held that privity was not necessary to sustain a breach of warranty action. (*Hamon* v. *Digliani*, 148 Conn. 710.)

Nor can I accept the majority indication that defendant should be spared the exactitude of pleading precisely the technical defense of the Statute of Limitations. Says the majority opinion: " appellant's brief reveals that it was in some doubt as to which of two statutes was applicable and that it was also relying on one not pleaded." And " defendant has been asserting limitations from the very outset of the action ". Very good, but this is no way to plead the Statute of Limitations. As stated in *Lindlots Realty Corp.* v. *County of Suffolk* (251 App. Div. 340, 344, affd. 278 N. Y. 45): " But the Statute of Limitations is a technical defense, and a party who seeks the technical advantages of the law should also be held to its technical disabilities." The court further proceeded to say what is most pertinent to this appeal: " The

defendant's position in this case does not commend itself to the court. * * * When it attempts to avoid liability on the ground that the Statute of Limtations has run, it should properly be required to conform with the usual rules of pleading and proof." See, also, *Lucash* v. *Shields,* (19 A D 2d 793) where the court said: "As presently pleaded, the defense of the Statute of Limitations is insufficient. Proper pleading requires that the prescribed period or periods of limitation upon which a party relies should be expressly stated".

See, also, Camody-Wait New York Practice (2d ed. vol. 2, § 13.288) wherein it is stated: "In setting up the defense of the statute of limitations, it must be *distinctly* alleged that the cause of action did not accrue within the prescribed period before the commencement of the action. And the facts which bring the pleader within the purview of the statute must be alleged". (Italics supplied.) Even if defendant had originally pleaded that it "claims the benefit of all statutes * * * which may be invoked for the purpose of resisting same" such plea would not "operate to entitle the defendant to the benefit of the statute of limitations" now sought to be advanced as a defense. (See *Budd* v. *Walker,*) 29 Hun 344, cited as footnote 8 of 2 Carmody-Wait, New York Practice, 2d ed., p. 727.)

The plea of one statute may not constitute a waiver of the right to a timely plea of another. However, it is elementary that the defense of the Statute of Limitations must be specially and properly pleaded "in order that the plaintiff may be apprised of the nature of the defense". (2 Carmody-Wait, 2d, New York Practice, p. 725; CPLR 3211, subd. [e].)

Lastly, it is my opinion that Special Term was correct when it stated, "it is apparent plaintiff would suffer grave prejudice at this time if defendant were allowed to amend its answer four years after the service of the original answer in the pending action." In 1964, plaintiff had available many other jurisdictions in which jurisdiction of defendant could have been obtained, and where the Statute of Limitations would not have been a bar, such as those adhering to the four-year statute of the Uniform Commercial Code (UCC, § 2-725). And it is indisputable that as early as August, 1964, if not before, defendant had no doubt plaintiff's claim was based on warranty alone, and not on negligence. Yet defendant made no move for leave to amend its answer so as to include an affirmative defense predicated on a Connecticut statute other than one pertaining to negligence. Defendant concedes that plaintiff was never apprised until the making of its earlier motion on March 1, 1967, that defendant sought to plead a Statute of Limitations other than the one-year statute based on negligence previously pleaded. To permit this defendant to amend now, four years after answer, would cut off plaintiff from other avenues of relief. She *is* irrevocably prejudiced. All this could have been obviated if defendant had interposed the three-year statute in its original answer or moved in a timely manner.

Thus, in my judgment, the action of Special Term should be affirmed.

Steuer, J. P., Tilzer and McNally JJ., concur in Memorandum; McGivern, J., dissents in opinion in which Rabin, J., concurs.

Order entered July 3, 1968, denying leave to serve an amended answer reversed on the law and the facts, motion granted etc.